Circuit Court for Multnomah County, March Term, 1869.

OREGON CENTRAL R. R. CO. v. AARON E. WAIT.

In an action to condemn land to the use of a railway company, the defendant denied that the plaintiff was a corporation, and also presented issues, as to the value of the land, and the amount of resulting damages; *Held,* that these issues could not be tried together. The defendant de-

clined to elect, and the denial of the plaintiff's corporate capacity, was struck out on motion of the plaintiff.

NEITHER a railway company, nor the owner of land adjacent to the railway, is required by law to fence the line between them. Each is left by the law to fence or not, as the interest of each shall prompt it or him.

THE defendant is entitled to the actual value of the land appropriated; and, if injury, resulting from constructing the road, will exceed the resulting benefits, the excess of such injury is to be added to the value of the land appropriated.

A DENIAL of the plaintiff's corporate existence, may, in some instances, be a plea in bar; but when establishing the truth of the plea, will not authorize a judgment that will bar a future action, but will abate the present action, the plea is in abatement.

THIS was an action by a railway corporation, to obtain a right of way, for the plaintiff's railroad through a parcel of about three hundred and twenty acres of the defendant's land. The answer denies knowledge or information, sufficient to form a belief whether the plaintiff is a corporation; denies that the parcel sought to be appropriated contains no more than seven and a half acres, and alleges that it contains ten acres; and it avers that the construction of the proposed road, will injure and damage the residue of the defendant's said parcel, $1,200.

The replication denies that the parcel sought to be appropriated, is greater than alleged in the complaint; denies that the damages resulting to the defendant, will be $12.00, or more than $50.

The plaintiff moved that the defendant elect between the defense, that the plaintiff is not a corporation, and the residue of the answer. It was ruled that the defendant may elect, whether he will first go to trial on the issue first mentioned, or abandon that defense, and have his damages assessed. The defendant declined to elect, and claimed the right to try all the issues together.

The plaintiff moved that that part of the answer, denying that the plaintiff is a corporation, be struck out, and the motion was granted.

The cause being tried by jury, at the defendant's request the jury viewed the premises, and the evidence and argument having been heard, the cause was submitted.

The following instructions, requested by the plaintiff, the court declined to give:

"There is no law requiring the defendant to construct or maintain fences along the line of the railroad, and the plaintiff would have no assurance that the defendant would make or maintain a fence, even if he were to be paid for the same by your verdict.

"If the plaintiff needs a fence for its own protection, or should be compelled by law to fence, it would be compelled to fence at its own expense.

"The plaintiff is liable, at any session of the State legislature, to be required to fence its road, and in that case the plaintiff would be obliged to fence at its own expense."

At the request of the plaintiff the court gave the following:

"If the benefits to the land resulting from the proposed road are equal to the resulting damages to the land of the defendant, all that is to be assessed is the value of the land sought to be condemned.

"There is no law requiring the defendant to construct or maintain a fence or fences along the line of the railroad."

The court added to this instruction the following:

"Nor does the law require either party to do so. The railroad company and the defendant are each left, by the law, to fence or not to fence, as the interest of each shall prompt it or him."

The defendant asked the following instructions, which the court declined to give:

"The plaintiff is not required by law to fence the lines of the land sought to be appropriated, nor to construct cattle guards, or crossings, for crossing from one part to the other of the land of the defendant."

At the defendant's request the following instruction was given:

"The plaintiff is not entitled to take any of the defendant's land for the purpose of a railroad without compensation being first made or secured, and building a railroad in the future can not be considered any part of such consideration."

And the court added the following:

"But advantages resulting from the construction of a railroad may be considered as a set-off to, or a compensation for resulting injuries to the land not appropriated or taken by the plaintiff."

At the defendant's request the court gave the following:

"The verdict of the jury in this action should secure to the defendant compensation for all the damages resulting from the appropriation of the land sought to be appropriated, irrespective of any increased value thereof by reason of the proposed improvement."

And the court thereupon added:

"The defendant is entitled to the full value of the land actually taken, no matter how great advantages he may derive from the construction of the road. Such advantage can not be set off against the value of the land. But if you find that there is resulting injury or damage to those lands of the defendant which are not sought to be appropriated by the plaintiff, such resulting injury or damage may be compensated by resulting advantages caused to the same land by the construction, if such resulting advantages are sufficient in amount.

You will first find the value of the land actually taken or sought to be appropriated. Under any and all circumstances the defendant is entitled to recover what that parcel of land is worth.

The estimate of all other damages, except the actual value of the parcel taken, is based upon reduction in the value of the premises that will be caused by laying out, constructing, maintaining and operating the proposed railroad. If the injury will exceed the resulting benefits, you should add the excess of injury or the depreciation, to the value of the land which is actually taken. If the benefits are equal to, or will exceed, the resulting damages, all that the jury should assess is the value of the parcel of land sought to be appropriated.

The jury rendered a verdict assessing the defendant's damages at $50.

The defendant moved for a new trial, assigning as error the several rulings above mentioned.

*J. N. Dolph* and *S. Huelat* for the plaintiff.

*Wait & Kelly,* for the defendant.

The motion for a new trial was overruled upon the following grounds:

UPTON, J.    This is a proceeding under the statute providing a special mode of obtaining the right of way by a railway corporation.    (Code, p. 670.)

The statute provides, that " the defendant in his answer may set forth any legal defense to such appropriation of such lands, or any portion thereof; or, omitting such defense, may aver the true value of the land in question, or the damages resulting from the appropriation thereof, or both. And the act further provides, that " such action shall be commenced and proceeded in to final determination, in the same manner as an action at law, except as in this title otherwise specially provided." The first question presented on the motion for a new trial is, whether a defendant may at the same time set up that the plaintiff is not incorporated; and also the true value of the land in question, together with a claim for the damages resulting for the appropriation thereof?

I do not think the statute above quoted places the matter of joining these defenses in an attitude more favorable to the defendant's position than does the ruling in the case of *Hopwood* v. *Patterson,* 2 Ogn. 49. I think that clause of the statute which speaks of setting forth " any legal defense," uses the word defense to denote a statement of facts that will debar or preclude the plaintiff from appropriating the land upon any terms. That is, the defendant may plead any matter that will defend him against being compelled to yield the right of way. And I presume the defense thus spoken of may be a statement of facts, in abatement, which, if found true, will defend him against yielding up the right of way in this action; or it may include facts that will perpetually bar the plaintiff from obtaining such right. The statute provides that he may set forth such defense, " *or omitting* such defense," he may have the damages ascer-

tained. I see nothing in this statute to authorize a joinder of matters that could not be joined under the general practice act.

It is urged that this question, if treated as arising under the general practice act, is not within the rule established in *Hopwood* v. *Patterson*, because the denial of the plaintiff's corporate existence, is not a plea in abatement. It is true that there are cases where a denial of the plaintiff's corporate capacity brings the cause to trial on the merits of the case, and the defense may then properly be said to be in bar of the action. But this is not usually the case, and when establishing the truth of the matters alleged, will not bar a future action for the same property, but will abate the present action; it can not be said the matter answered is a plea in bar. If a party seeks to set up such a defense, he should do so before answering to the merits. (*Conard* v. *The Atlantic Ins. Co;* 1 Pet. 450.) If issue were joined, and a trial had on that question in this case, and it should be shown that the persons who are engaged in the construction of this road, for some technical defect, or for any reason were not incorporated, but were merely partners, the action would abate; but if they saw fit to incorporate immediately, and to commence another action for the same right of way, the judgment in this case would be no bar to such action. Hence this part of the answer can not be properly called a plea in bar, and there was no error in striking it out, under the rule established in *Hopwood* v. *Patterson*.

The next and probably the most important question presented in the case, refers to the assessment of damages. The question calls for a construction of sec. 18, art. 1 of the constitution, and sec. 24 of the general incorporation law. (Code p. 665.) The statute discloses that "no such appropriation of private property shall be made, until compensation *therefor* be made to the owner thereof, *irrespective of any increased value thereof,* by reason of the proposed improvement by such corporation, in the manner hereinafter provided." This language is sufficiently indefinite, that one party to this proceeding, construes it to be a restriction on

the corporation, to prevent the corporation from avoiding any liability or lessen the amount to be paid, because of enhancing the value of the defendant's property; and the other party construes it to be a restriction on owners of land, to prevent them from obtaining an extra price or value for land, by reason of increased value, caused by the acts of the corporation in constructing the road.

The position taken by the defendant is that the payment to be made, both for the land actually taken, and for the resulting damages, must include the whole value of the land, irrespective of any increase, etc., and full payment of all damages that may result, irrespective of any advantage or benefit. And I am aware that it has been held in an an other state, in one case at least, that, independent of any statute, this is equitable and right. That if a railway project actually raises the price of the lands generally in a neighborhood, the individual, through whose lands the road happens to run, is as well entitled to reap the benefit as are his neighbors, through whose lands it does not run. And if building the road causes him some inconvenience and disadvantage in some respects, and affords him conveniences and advantages in other particulars, it is no more just to set off one against the other, than it would be to compel his neighbors to pay or to contribute to the corporation in proportion to the amount their property is enhanced in value.

It is true, that as between himself and his neighbors, whose lands the road does not touch, he may be less benefited than they; but if constructing a road will injure him in one particular, but will benefit him in some other particular to an extent greater than his injury, I am unable to see the moral wrong, as between him and the builders of the road, in refusing to compel them to pay him for acts which do him more good than injury; aside from paying for land actually taken. The fundamental law protects him as to the land the corporation actually seeks to take from him, and he cannot be deprived of that without full compensation, even though the benefits may exceed the injury by a thousand fold, because such is the law. And in this state, the branch of the case denominated resulting damages, de-

pends for its solution upon construction of statute, and cannot be determined by abstract reasoning on the subject of man's natural rights.

If it was the claim of a neighbor for damages, whose lands lay so near the track as to suffer similar inconveniences without actually being touched by the railway, the statute would not apply. But one who is compelled to part with some part of his tract of land has, by virtue of the same statute which compels him to part with it, a standing in court, to ask, not only for compensation for that which is taken, but for resulting damages beyond that.

If the statute had said he should have full payment for the land taken, "irrespective of any increased value thereof," and full compensation for all damages done to any land not taken, irrespective of any increased value *of that which is not taken*, it would come up to what is now claimed as the construction of the present statute.

But the statute falls short of that; the increased value that is not to be considered is, "the increased value thereof;" the word "thereof" evidently refers here to the land to be appropriated, and not to the residue. I am convinced that, if beyond the loss of the land taken, the defendant is not on the whole injured, but is in fact benefited, he cannot under this statute recover resulting damages for a proposed road, the construction of which will as a whole be an actual benefit to him over and above all damages. I think the jury were correctly instructed on the subject of fencing the line of the road, and that no error has been committed, to the prejudice of the defendant.

The motion for a new trial must be overruled.*

---

* After the overruling the motion for a new trial, costs were erroneously taxed in favor of the plaintiff, and the taxing of costs was reversed on appeal to the supreme court. The ruling of the circuit court was affirmed on the several points involved in this motion. See Post, *Ogn. Central R. R. Co.* v. *Wait.*