CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1869.

THE OREGON CENTRAL R. R. CO., RESPONDENT, *v.* W. T. SCOGGIN, APPELLANT.

PLEA IN ABATEMENT.—When an answer sets up a defense in bar, and also denies "that the plaintiff is a corporation duly organized," the denial will be stricken out as within the rule established in *Hopwood* v. *Patterson* (2 Ogn. 49).

PLEADING.—It does not raise an issue of fact to say the plaintiff is not *duly* organized.

CORPORATION.—A corporation may receive subscriptions of its stock, and may sue before being fully organized.

FRAUD.—To avoid a contract on the ground of fraudulent misrepresentations it must appear that the party acted on the representations; and that the misrepresentations were concerning matters of fact and not matters of opinion or of law.

AMENDMENT.—Where matters in abatement were plead at the same time with a defense in bar, leave to amend as to the matters in abatement was denied.

---

THIS action was commenced in justice's court to recover $188 alleged to be due on a subscription for ten shares of the plaintiff's corporate stock at $25 per share.

The plaintiff had judgment, and the defendant appeals to this court.

The case is now presented on motion to strike out parts of the answer.

1. The answer " denies that plaintiff is a corporation duly organized."

2. Denies that the defendant agreed to take the ten shares.

3. Alleges that the plaintiff's capital stock is fixed at $5,000,000, and that one half thereof has not been subscribed.

4. That the defendant did subscribe a writing wherein it was agreed that in consideration the plaintiff was donee of certain "government aid" of the value of seventy-five per cent. of the cost of constructing the road, or $75 per share of the stock, the defendant would take and pay for ten shares (nominally $100 each) at $25 per share. But that in truth the plaintiff was not such donee, and said consideration has wholly failed.

5. That the agent of the plaintiff, acting for the plaintiff in procuring said subscription, made false representations that are set forth in the answer.

6. The answer states what is the construction of certain language used in the written contract, and alleges that the defendant has paid $62 on the subscription, and that the $62 was obtained by the same fraud before alleged.

The plaintiff moves to strike from the answer each of the several defenses above numbered.

THE COURT (UPTON J.) announced the decision as follows:

The denial that plaintiff "is a corporation *duly organized*" should be stricken out. Although such denial is sometimes treated as a plea in bar in particular cases, ordinarily it does not involve the merits of the action, and is within the rule established in *Hopwood* v. *Patterson* (2 Ogn. 49). In this case, however, it is subject to the further objection that it is not necessary that the plaintiff should be both

incorporated and organized, to enable it to receive subscriptions and to sue. Nor is it a sufficient denial to say the plaintiff is not duly organized. It does not raise an issue of fact.

The denial that defendant agreed to take ten shares, referred to in the second part of the motion, is admitted to be predicated on the disability of the plaintiff to make the contract. The motion raises these two questions: Can a corporation make and collect assessments before its organization is fully perfected by the election of officers, and in other respects? And can one who has contracted with the company as a corporation, question the regularity of its organization for the purpose of avoiding the contract?

The language of section 5 of the general law, if not controlled by other provisions, is broad enough to authorize assessments and collections before the election of officers. The corporators "may sue and be sued," purchase property, appoint agents, "make by-laws" * * * "for the sale of any portion of its stocks for delinquent assessments due thereon."

By section 6 the corporators must have power to receive subscriptions before proceeding to organize by electing officers, and, as a necessary consequence, may do anything requisite and proper to be done in obtaining subscriptions.

If the corporators are empowered to contract in relation to subscriptions, to make rules for sales of delinquent assessments, and to sue and be sued, it seems to be immaterial for the purposes of this case, whether the corporation is organized or not.

That one who subscribes to the stock can avoid the subscription, because of neglect to organize, is certainly a position difficult to sustain, and it is questionable whether the neglect can be set up, except by a proceeding in the nature of *quo warranto*, under section 353 of the code. This part of the motion should be allowed.

The fourth point in the motion is directed to the alleged failure of consideration. This part of the motion should be denied.

The fifth and sixth specifications of the motion are

directed to alleged misrepresentations. These parts of the motion should be sustained. The answer does not show that the defendant was misled by the misrepresentations; and the false representations are not confined to matters of fact, but include conclusions and matters of opinion.

The parts of the motion numbered one, two, three, five and six should be granted, but the motion should be overruled as to its fourth subdivision, relating to failure of consideration.

The defendant asked leave to amend his answer, and leave was granted as to parts five and six, above specified, but denied as to specifications one, two and three.