[Argued November 1; decided December 11, 1893.]

25  105
46  248

## BRIDAL VEIL LUMBERING CO. *v.* JOHNSON.

[S. C. 34 Pac. Rep. 1026.]

1. NOTICE OF APPEAL — BILL OF EXCEPTIONS — CODE, § 537. — Much greater care is necessary in specifying errors in a notice of appeal where there is a bill of exceptions than where the appeal rests entirely upon the record, since the respondent is persumed to take notice of matters of record, but would not be chargeable with knowledge of a decision upon matters not in writing.

2. EMINENT DOMAIN — PLEA IN ABATEMENT — CODE, § 3263. — Under the provisions of section 3263 of Hill's Code, a landowner, in an action to condemn a right of way across his property, may unite in his answer any legal defenses with a claim for damages; and under this rule a denial of corporate existence need not be set forth as a plea in abatement in such cases. *Hopwood* v. *Patterson*, 2 Or. 49, *Or. Cent. R. R.* v. *Scoggin*, 3 Or. 161, and *Derkney* v. *Belfils*, 4 Or. 258, distinguished.

APPEAL from Multnomah: H. HURLEY, Judge.

This was an action brought by the Bridal Veil Lumbering Company, under sections 3239 and 3240 of Hill's Code, against D. S. Johnson to appropriate a right of way across defendant's land. The company having previously attempted to build across defendant's land without making any compensation whatever, was successfully enjoined, 24 Or. 183, and thereupon began this action. A trial having resulted in a verdict and judgment for plaintiff, defendant appeals, assigning error of the trial court in striking out part of the answer.

REVERSED.

*Mr. James Finley Watson* (*Mr. Edward B. Watson*, on the brief), for Appellant.

*Mr. Lewis L. McArthur* (*Messrs. Earl C. Bronaugh, Wm. D. Fenton*, and *Earl C. Bronaugh, Jr.*, on the brief), for Respondent.

Opinion by MR. JUSTICE MOORE.

The material allegations of the complaint involved in this appeal, in substance, are: That the plaintiff is a corporation organized for the purpose, among other things, of constructing and operating a railroad in this state between given terminal points; that it is necessary and convenient that a tract thirty feet in width on each side of the center line of said railroad as surveyed across defendant's land be appropriated. The answer having denied these allegations, the portion thereof containing such denials was, upon motion of the plaintiff, stricken out by the court, and a jury trial being had upon the remaining issues, a verdict was returned fixing the compensation at two hundred dollars. This amount having been paid into court, a judgment for the appropriation of said land was rendered, from which the defendant appeals, and assigns in his notice thereof the following grounds of error:  (1) "That the court erred in that it sustained in part the motion of the plaintiff to strike out portions of the answer"; and (2) "The court erred in that it made its order striking out a portion of the answer of the defendant."

1.   The plaintiff contends that these assignments of error are too general, and do not clearly point out the part of the answer stricken out. Section 537 of Hill's Code, provides that when an appeal is taken from a judgment at law, the notice "shall specify with reasonable certainty the ground of error upon which the appellant intends to reply," but when a motion or demurrer specifies the grounds upon which it is predicated, it is only necessary that the specifications of errors should distinguish with clearness and certainty the particular ruling of which a review is sought: Elliott, Appellate Procedure, §§ 336, 337.  The record shows that the mo-

tion clearly designated the particular parts of the answer which it assailed, and the ground upon which it was based; that the court sustained all the said motion, and made an order striking out the portion of the answer to which it was directed; and hence the first specification of error in the notice of appeal, while it clearly points out the motion, does not directly describe the error sought to be reviewed.   The second specification, however, distinguishes the particular ruling complained of with clearness and certainty, and, although one assignment cannot aid another, tested by the foregoing rule they are sufficient to show to the adverse party, as well as to the court, what motion and order were referred to by the appellant.   No exceptions are required to be taken or allowed to any decision upon a matter of law when it is entered in the journal or made wholly upon matters in writing and on file in the court:  Hill's Code, § 233; and when an appeal rests upon the record, and not upon a bill of exceptions, if the notice designates with reasonable certainty the decision complained of, it is the duty of the appellate tribunal to review the proceedings.   When a bill of exceptions is required to present the errors complained of, much greater care is necessary in specifying such errors in the notice of appeal, upon the theory that the respondent is not. presumed to take notice of any decision upon matters of law not entered in the journal, or when made upon matters not in writing.   No bill of exceptions appears in the record of this cause, but inasmuch as the decision was made wholly upon matters in writing filed in the court below and sufficiently designated in the notice of appeal, this court will examine the specifications of error appearing in said notice.

Section 45, title III., of chapter VII., p. 534 of the general laws of Oregon, as compiled by Matthew P. Deady and Lafayette Lane, provided, as originally enacted, that in

actions for the appropriation of land the owner might set forth in his answer any legal defense to the appropriation of such land, or any portion thereof; or, omitting such defense, might aver the true value of the land in question, or the damage resulting from the appropriation thereof, or both. Under this section it was held that a defendant in such case could not unite these defenses: *Oregon Cent. R. R. Co.* v. *Wait,* 3 Or. 91. This section, however, was, on October twenty-sixth, eighteen hundred and eighty-two, amended by the legislative assembly, and it now provides that the defendant, in his answer, may set forth any legal defense he may have to the appropriation of such lands, or any portion thereof, and may also allege the true value of the lands and the damage resulting from the appropriation: Hill's Code, § 3263. Under this section, as thus amended, a landowner has a right to interpose any legal defense, coupled with a claim for the damages that he might sustain by reason of the appropriation. Without this statute upon the subject the court might properly hold that an answer in the nature of a plea in abatement could not be joined with an answer to the merits: *Hopwood* v. *Patterson,* 2 Or. 49; *Oregon Cent. R. R. Co.* v. *Scoggin,* 3 Or. 161; *Derkeny* v. *Belfils,* 4 Or. 258. Section 18 of article I. of the constitution provides that private property shall not be taken for public use without just compensation having first been assessed and tendered. "This is equivalent to saying it shall not be taken for private use, even though just compensation be made": *Dalles Lumbering Co.* v. *Urquhart,* 16 Or. 69, 19 Pac. Rep. 78. The state, by virtue of its sovereignty, possesses the right to take the property of the citizen for the good of the public; and, while it may not delegate the power to exercise this sovereign right, it may, by its legislature, select agents to take private property subject only to the limitations contained

in the constitution: Lewis, Eminent Domain, § 242. Section 3240 of Hill's Code, provides that a corporation organized for the construction of any railway may appropriate so much of any land lying between its termini as may be necessary for cuttings, embankments, and for the proper construction, security, and convenient operation of its line of road. This appoints any corporation organized for the construction of a railway the agent of the state, and authorizes it to appropriate the necessary land for the successful operation of its line of road. The plaintiff alleges that it was incorporated for this purpose, and thus became the agent of the state, which the defendant denies. Under the amended statute the defendant had the right to interpose this legal defense, and it was error in the court to strike it from the answer, for which reason the judgment is reversed and a new trial ordered.                                    REVERSED.

[Argued October 25; decided December 11, 1893; rehearing denied.]