LUMBERMEN'S INSURANCE COMPANY and Others v. CITY OF ST. PAUL and Others.

October 19, 1899.

Nos. 11,766—(43).

Parties to Action—Lien of Mortgagee upon Fund—Pleading.

In an action by mortgagees to have the liens of their mortgages adjudged to be liens upon the money awarded as damages to the mortgaged premises by an easement in the premises acquired by the public subsequent to the execution of the mortgages, the owners of the fee, to whom the award would belong in the absence of any lien upon it in favor of the mortgagees, are proper, if not necessary, parties to the action. It is not necessary, in such a case, that the complaint should allege that they have already disputed the liens of the mortgagees or asserted a right to the money themselves.

Appeal by certain defendants from an order of the district court for Ramsey county, Brill, J., overruling their demurrer to the complaint. Affirmed.

*B. H. Schriber*, for appellants.

*W. J. Hahn, J. M. Martin* and *Percy D. Godfrey*, for respondents.

MITCHELL, J.

For the purposes of this appeal, all that need be said as to the nature of this action is that it is one by mortgagees against the city of St. Paul and the next of kin and heirs at law of their deceased mortgagor to have the liens of their mortgages adjudged to be liens upon the amount awarded as damages to the mortgaged premises by reason of a right acquired by the city of St. Paul, subsequent to the execution of plaintiffs' mortgages, to construct and maintain a sewer upon and across the premises, and to have the award, which was in gross, apportioned among the different mortgagees, according to their respective rights, and to recover the amounts from the city.

The defendants, other than the city of St. Paul, demurred to the complaint on the ground that it did not, as to them, state facts constituting a cause of action. The sole point urged in the briefs in support of the demurrer is that the appellants were neither necessary nor proper parties to the action. The parties interested in this award are the owners of the fee of the land and the lienholders, if any. If there were no lienholders, or if the amounts due them on their liens were less than the award, then the award or the excess belongs to the defendants, as heirs at law of the deceased mortgagor. Among the facts to be determined in the action are— First, whether a lien on the award exists in favor of the plaintiffs; and, if so, second, the amount of it. The defendants, as heirs at law of the mortgagor, are vitally interested in the determination of these questions. Unless they are made parties to the action, any judgment that might be rendered in it would be as to them wholly res acta inter alios, and leave them at liberty to assert against either the city or the plaintiffs their rights to the proceeds of the award precisely as if no judgment had ever been rendered.

In actions in equity, so-called "necessary parties" are those without whom no decree can be effectively made. "Proper" parties are those without whom a substantial decree may be made, but not a decree which shall completely settle all the questions which may

be involved in the controversy, and conclude the rights of all the persons who have any interest in the subject-matter of the litigation. Pomeroy, Rem. & Rem. Rights, § 329. Under this rule, the defendants, if not necessary parties, were, at least, proper parties, to the action. The principal contention of the appellants, briefly stated, seems to be that the complaint is defective, in that it does not allege that the defendants have as yet disputed plaintiffs' right to this money or asserted any right to it themselves. We are not aware of, and have not been referred to, any authority holding that any such allegation is necessary in such a case. It is sufficient to render the appellants proper parties that it appears from the facts alleged that they may hereafter make such a claim, and would do so successfully, unless concluded by the judgment in this action, or the plaintiffs establish their right as a fact in any future litigation over the same subject-matter.

The order overruling the demurrer is hereby affirmed.