Argued at Pendleton May 4; affirmed June 2; rehearing denied
July 14, 1936

STATE *v.* FITZGERALD ET AL.

(58 P. (2d) 508)

*J. M. Devers,* of Salem, Assistant Attorney General
(I. H. Van Winkle, Attorney General, and J. W. De-
Souza, of Salem, on the brief), for appellant.

*R. J. Green,* of La Grande (Green & Hess, J. S.
Hodgin, E. R. Ringo, and Carl G. Helm, all of La
Grande, on the brief), for respondents.

KELLY, J. The property condemned, and for the taking of which damages and compensation were awarded herein, consists of a three-sided parçel, one side of which is upon a slight curve, lying in the northwesterly corner of tract A in Coggan's Second Addition to the city of La Grande. It was required for the right of way in connection with the construction of an under-grade crossing beneath the main line tracks of the Union Pacific Railroad Company in La Grande.

Upon the parcel condemned and property immediately adjacent thereto there was a warehouse. Easterly therefrom and on the opposite side of a spur of the railroad there was a building constructed for, and used as, a foundry or iron works, wherein large, heavy machinery of all kinds including trucks, road machinery and logging equipment were repaired and fabricated.

The property above mentioned belonged to the estate of the late David Fitzgerald, of which estate defendant Cora Fitzgerald, widow of the said David Fitzgerald, was and is the executrix. Defendants David Clark Fitzgerald, John Edward Fitzgerald and Patrick James Fitzgerald, sons, and defendant Mary Larson, the daughter of said David Fitzgerald, deceased, are the heirs and devisees of said David Fitzgerald, deceased.

Defendant W. H. Briggs was the owner of a mortgage in the principal sum of $1,200 upon the tract upon which said warehouse was constructed. There were unpaid and delinquent taxes thereon in favor of Union county.

The complaint herein was filed on May 7, 1935. On May 20, 1935, defendant Briggs filed an answer alleging the execution of said mortgage, its breach by the Fitzgeralds and asking that said mortgage be foreclosed, and the premises sold as by law upon execution,

and that the money awarded as satisfaction for the land appropriated be held until sale on foreclosure and sufficient thereof to pay the deficiency, if any, due said defendant Briggs, be so applied and the residue distributed among those determined by the court to be entitled thereto; or, in lieu of such foreclosure sale, said defendant Briggs be decreed an amount, from the award to be made in the condemnation proceeding, sufficient to pay said defendant's note and interest, insurance payments and reasonable attorney's fee and costs and disbursements.

On June 6, 1935, defendant, Union county, filed an amended answer affirmatively alleging that taxes were due, unpaid and delinquent against said property in the aggregate sum of $1,432.11, and asking that said county be given a fixed, prior and valid lien on any money awarded in said condemnation proceedings.

On the 28th day of August, 1935, a decree was entered herein in which, among other things, it is stated:

"* * * that the terms of said mortgage and note have been broken, and the defendant mortgagee is entitled to a foreclosure of his said mortgage and sale of said premises according to law; and that under the issues of this case brought for the purpose of condemnation of the land upon which the said defendant's mortgage is a lien, he is entitled to be subrogated, and the amount of damages allowed to the devisees of the said David Fitzgerald (named as heirs in complaint) should be substituted for the said land covered by the mortgage, and the foregoing claim of the said W. H. Briggs should be satisfied before any of the proceeds of damages that may be allowed be paid to the said David Fitzgerald estate or his devisees."

"That the county of Union, State of Oregon has filed a claim against the damages that may be allowed for back taxes due on the entire Tract "A" of Coggan's Second Addition to the City of La Grande, Oregon, in

the sum of $1,432.11; That the said tract sought to be condemned as set out in plaintiff's complaint is only one-sixth part in value of the said Tract "A" and the said County should not be allowed to recover taxes on property not taken in the condemnation suit for subway, but in law and equity should be allowed as priority claim on the amount of damages recover only such proportional part as the amount taken bears to the whole tract covered by the delinquent taxes,—or one sixth part of $1,432.11, or the sum of $238.69.''

''That the tract of land sought to be taken destroys the entire value of the tract covered by the said defendant Brigg's mortgage.''

The court thereupon decreed that said mortgage be foreclosed; that from the amount of damages awarded in the condemnation proceeding, Union county should first be paid the sum of $238.69, and the defendant, W. H. Briggs, the sum of $1,263.85, and that such moneys should be substituted for the property covered by said liens; and in the event there be no condemnation of said premises by plaintiff, then defendant Briggs should be relegated to his ordinary right of foreclosure and reasonable attorney's fee.

It is further decreed therein,—

''That in the event said property be not condemned and taken by plaintiff for highway purposes under right of eminent domain, the defendant W. H. Briggs have foreclosure-execution and the property covered by his mortgage sold in the manner prescribed by law.''

There are twenty assignments of error.

The first is to the effect that—

''The trial court erred in denying plaintiff's motion to strike from defendant Briggs' answer his separate and equitable defense and cross complaint.''

The motion thus mentioned in its tenth and final paragraph sought to strike ''all of defendant's separate

and equitable defense and cross-complaint, upon the grounds for the reason that the same is frivolous and irrelevant''.

In its first paragraph, said motion challenged the propriety of an allegation containing, among other things, a statement to the effect that the mortgage contained a provision, ''that the mortgagee may advance and pay at his option any insurance premium that in his judgment may be necessary to preserve the security so given by this mortgage, and that such funds so advanced should bear 10 per cent interest per annum, and be secured by said mortgage''.

In its second paragraph a portion of the answer is attacked containing, among other statements, an allegation, ''. . . that this defendant further had to pay two insurance polics (policies) to protect said property —one premium of $55.20, Oct. 22, 1932, and one of $64.80, Jan. 16, 1935, . . .''.

The third paragraph of the motion strikes at paragraph V of the answer, which alleges,—''That the sum of One Hundred Dollars is a reasonable sum to be allowed him (the mortgagee) by this court as an attorney fee herein''.

Paragraph VIII of said answer is as follows:

''That the defendant W. H. Briggs is entitled to recoup himself for the loss of his security from the damages paid to the defendants Cora Fitzgerald as executrix of the estate of David Fitzgerald and his said heirs and devisees and legatees, and to be subrogated to the rights of said defendants in the amount of damages recovered by them from the plaintiff to the extent of his said mortgage debt unpaid, together with his reasonable attorney fee, and costs, disbursements and expenses of the sale of residual property growing out of the foreclosure thereof, and that the amount of damages recovered be held by the clerk of this court

till such proceedings be fully terminated and the amount of the deficiency ascertained."

Plaintiff's motion to strike in its fourth paragraph challenges the propriety of the phrase in said paragraph VIII of said answer: "together with his reasonable attorney fee, and costs, disbursements and expenses of the sale of the residual property growing out of the foreclosure thereof".

It appears in said answer that the note secured by the Briggs' mortgage provided for the payment of a reasonable sum as attorney's fee in case of suit or action.

Paragraphs 5, 6, 7, 8 and 9 of plaintiff's motion seek to strike portions of the prayer in said answer.

"The decisions of the various courts appear to be generally in agreement with the rule applied in the reported case, that a mortgagee of property taken under condemnation proceedings has a right to the award therefor superior to the right of the mortgagor, and is entitled to have the sum awarded applied in satisfaction of the mortgage debt." Note to *Hagerstown v. Groh,* 4 Ann. Cas. 943 at 944, citing authorities.

"There is a general agreement of the authorities that the damages awarded for land taken under eminent domain proceedings constitute a fund standing in place of the land and which may be subjected by the mortgagee to pay the debt secured by the mortgage." Ibid.

"On this fund the mortgagee has a lien. Sherwood v. Lafayette, 109 Ind. 411 (10 N. E. 89); Schafer v. Schafer, 75 Iowa 349 (39 N. W. 697); Sawyer v. Landers, 56 Iowa 422 (9 N. W. 341); Boutelle v. Minneapolis, 59 Minn. 493, (61 N. W. 554); Moritz v. St. Paul, 52 Minn. 409 (54 N. W. 370); Engelhardt v. Brooklyn, (Brooklyn City Ct. Gen. T.) 3 Misc. (N. Y.) 30; Utter v. Richmond, 112 N. Y. 610; Auburn Bank v. Roberts, 44 N. Y. 192, *affirming* 45 Barb. (N. Y.) 407. See also St. Louis etc. R. Co. v. Wilder, 17 Kan. 239; Lumbermen's Ins. Co. v. St. Paul, 77 Minn. 410 (80 N. W.

357); Trogden v. Winona etc. R. Co. 22 Minn. 198. And he can follow the money standing thus in the place of the land and subject it to payment of the mortgage debt due him. Wood v. Westborough, 140 Mass. 403, (3 N. E. 163); Thompson v. Chicago etc. R. Co. 110 Mo. 147 (19 S. W. 77). See also Lumbermen's Ins. Co. v. St. Paul, 77 Minn. 410 (80 N. W. 357). In Bates v. Boston El. R. Co. 187 Mass. 337 (72 N. E. 1017) the court said that this doctrine 'rests upon the principle that although the land has been taken out of the mortgage by the paramount power of eminent domain, yet in equity the proceeds, that is to say, the compensation due, remains land and can be subjected to a lien for the payment of the mortgage debt', and that 'the mortgagee has a right to follow the land into the chose in action for the compensation due, and to subject that chose in action for the compensation due to a lien for the payment of the mortgage debt due to him'. See also Knoll v. New York, etc. R. Co., 121 Pa. St. 467, 15 A. 571; Reese v. Addams, 16 S. & R. (Pa.) 40; Parish v. Gilmanton, 11 N. H. 293.'' Ibid.

''The view obtaining in a majority of jurisdictions is that, where mortgaged land is taken or damaged in eminent domain proceedings, the mortgagee is entitled either to the whole of the award made for the condemned land, or to a share thereof to the extent of his interest or damage. Thus, where the whole of the mortgaged land is taken in the proceedings, the mortgagee is entitled to the entire award or at least to so much of it as is necessary to satisfy the mortgage indebtedness.'' Annotation to *Morgan v. Willman,* 318 Mo. 151 (1 S. W. (2d) 193, 58 A. L. R. 1518 at 1534), and authorities there cited.

The above quoted portions of said answer were relevant to the claim of defendants Briggs and necessary to disclose its amount.

We are not confronted here with the necessity of determining whether to approve the prosecution of a foreclosure proceeding as an equitable defense in a

condemnation action. The relief actually granted, as above stated, merely impounded the award and impressed a lien thereon to the extent of the answering defendant's adjudicated rights. No one, having the right to do so, challenges the justice of that adjudication. As to the attorney's fee, the parties in interest stipulated that the mortgagee's attorney should take the amount allowed by the court, namely, $50.

From the record, it appears that the Fitzgeralds and Union county submitted to the jurisdiction of the equity court under the issues joined by the further and separate answer of Briggs and their answers filed herein. Neither of these parties has appealed.

■ Moreover, we see no impropriety in thus impressing the liens of the mortgage and taxes upon the award, although such procedure should not be permitted to delay the proceedings in condemnation to the prejudice of the condemnor. In the case at bar, plaintiff makes no contention that there was any prejudicial delay.

■ The allegations above set out, which were included in the matter sought to be stricken by plaintiff's motion, were relevant and pertinent averments of the amount and basis of defendant's claim against the award to be made herein, and no error was committed in denying plaintiff's motion to strike them.

■ The portions of the prayer challenged by plaintiff's motion to strike do not contain any allegation of fact and no reversible error was committed in refusing to strike them.

The second assignment urges that error was committed in overruling plaintiff's demurrer to defendant Briggs' separate and equitable defense and cross-complaint.

While it is true that these allegations and others set out in said mortgagee's answer, against which plain-

tiff interposed a demurrer, do not allege a legal defense, yet, they contain a statement of facts upon which the mortgagee would be entitled to an order impounding the award and impressing such a lien thereon as might be necessary to reimburse him for the impairment of his security caused by plaintiff's condemnation of the property in suit. This equitable relief is such as pertains to cases involving the exercise of the right of eminent domain where there are mortgage and tax liens upon the property sought to be condemned.

■ In the comparatively few jurisdictions where it is held that the mortgagee is not the owner of the property and is not a necessary party in the condemnation proceedings, the mortgagee is left to his legal remedy against the mortgagor, or he may go into a court of equity, follow the award and have it applied to his mortgage debt: Annotation to *Morgan v. Willman,* 58 A. L. R. supra, at p. 1546. In this jurisdiction, a mortgagee is deemed to be a necessary party in an action of this character: *Grigsby v. Miller,* 144 Or. 551 (25 P. (2d) 908).

■ The interest of a mortgagee in the land mortgaged is that of a lien holder to be protected or asserted by a proceeding in equity. In the instant case, the mortgagee is a party defendant. No good reason has been suggested for requiring him to institute and prosecute an independent proceeding to protect his interest.

No error was committed by the trial court in overruling plaintiff's demurrer to said further and separate answer.

■ The third assignment of error presents the question whether reversible error was committed by the trial court in respect to the testimony of the witness DeLile Green.

This witness testified that for five years he had served as deputy assessor for Union county and that he had worked for the State Tax Commission. At one time, when asked to state the reasonable cash market value of the property involved herein, he qualified his answer by saying: "I wouldn't say its actual value; for assessment purposes, I would say one hundred and fifty dollars". This answer was stricken by the court. At another time, when asked to give the reasonable cash market value after the state had taken a portion of the land and cut off about half of the building, he answered,—"Well, I could give you my,—what I figured, the way the state taught me to appraise buildings". At this juncture, special cross-examination was permitted as follows:

"Q. What you base your values and estimates on was instructions from the state?

"A. The State of Oregon.

"Q. Yes.

"A. While I worked for the State Tax Commission.

"Q. And you are basing it upon the instructions from the state?

"A. That only."

The court sustained defendants' motion to strike the testimony of the witness and instructed the jury to disregard it.

On further direct examination, the witness again testified as to his service as deputy assessor and that he had appraised about a thousand and seventy homes and helped to appraise the business section of La Grande. When asked what other experience he had had or what other information he had employed in helping fix values, he answered: "Nothing other than that; I am not a real estate man, and I am not a contractor." When further interrogated by plaintiff's

attorney, as to values, defendants objected, and the court said: "The objection will be sustained for the present. I will look into this and permit you to recall him if I reach a different conclusion."

The attorney for the plaintiff then asked: "If the court reverses its ruling, I may recall this witness?" To which the court answered: "Yes".

When plaintiff rested its case in chief, it specially reserved the privilege of recalling Mr. Green if the ruling of the court should be changed.

On the following morning, the court said:

"As to the motion that was made by counsel for the defendants to strike out the testimony of DeLile Green, the Court will reverse itself and I will permit you to recall him; the motion will be denied and the jury will consider the testimony of DeLile Green, as to the value of that property."

At the time this announcement was made, witness E. Fitzgerald was on the stand. At the conclusion of his testimony, Mr. Green was recalled and all of defendants' objections to his direct testimony were overruled.

We think that when the entire record is considered, in reference to his phase of the case, no reversible error is disclosed.

■ Witness Benson testified that for several days he had been assisting counsel for the state in interviewing prospective witnesses. On cross-examination, he was asked what compensation he received as an employee of the State Highway Department. Plaintiff objected. The court overruled plaintiff's objection.

The fourth assignment of error is based upon this ruling of the court. There is no merit in it.

■ The fifth assignment of error is based upon the court's action in overruling plaintiff's objection to the

introduction of testimony with respect to the profits of the business and upon the court's denial of plaintiff's motion to strike the testimony. Upon the following morning, after these rulings had been made, the motion to strike was renewed by plaintiff and the court sustained the motion and instructed the jury to disregard the testimony. The error committed by the earlier rulings was thereby cured.

Assignments of error numbered six to sixteen, inclusive, charge error in respect to the qualification of witnesses E. Fitzgerald, Moon, Roesch, Hill, Warnock, Lane and Goss; also in respect to the admission of testimony in respect to the value of improvements on the land separately from the land itself, the cost of the buildings involved and the restriction of cross-examination of witness Moore relative to accepted facts of depreciation applied when appraising buildings. It would serve no useful purpose to extend this opinion by reviewing the record upon which these assignments are based. A careful examination and consideration of it leads us to the conclusion that no reversible error is shown therein.

During the closing argument for the plaintiff and while Mr. Devers, plaintiff's attorney, was commenting to the jury with respect to the mortgage against the property and the delinquent taxes, the following occurred. The attorney for the plaintiff said:

"The record, from the witness stand and the statement of Mr. Green, as counsel shows that Mr. Briggs has a mortgage against the property, and that mortgage is unpaid; the answer filed by Union County, in this case, shows the taxes are unpaid since 1929,—

"Mr. Green,—We object to that remark, that the taxes are unpaid since 1929, because there is no evidence in this case to that effect, and we object to the remarks concerning the cross-complaint in equity in this case. It

is not introduced in evidence, and it is absolutely immaterial, and no evidence that the taxes are unpaid since 1929, and we had no chance to put witnesses on the stand here, and we ask the court to entirely disregard the remarks about that.

"The Court,—The jury will not consider the statement of counsel about the taxes,—on either side. I think that is immaterial so far as that is concerned.

"Mr. Devers,—Does the court rule that I am not entitled to discuss the answer of Union County.

"The Court,—This is your case.

"Mr. Devers,—Union County was made a party defendant, and filed its answer to our complaint, and not to the other. I take an exception to the ruling of the court."

After the instructions to the jury had been completed, the attorney for the plaintiff expressly saved an exception to the failure of the court to read to the jury the answer of the defendant Briggs, and the answer of the defendant Union county.

The seventeenth and eighteenth assignments of error are based upon the action of the court in thus limiting and restricting the argument of plaintiff's attorney and in failing to read said answers to the jury.

It is argued by plaintiff that the statute, under which this case was prosecuted, limited defendants Briggs to any *legal* defense which he might have to the condemnation complaint and that equitable defenses were not available to him. This argument is based upon Subdivision (e) of Section 44-131, Oregon Code 1930, which declares that:

"The defendant in his answer may set forth any legal defense he may have to the appropriation of such lands or any portion thereof, and may also allege the true value of the lands and the damage resulting from the appropriation thereof."

We think that this provision of the statute does not deprive a mortgagee, or other lien holder, of the right to impound the award in an eminent domain proceeding or impress a lien thereon in lieu of his mortgage or other lien. This right, which is equitable in its nature, arises because of the impairment of the lien holder's security by reason of the damage resulting from the appropriation which damage by the express provision of the statute may be alleged.

That there is a distinction between the term legal defense, as used in the statute, and the right to allege the value of the land and the damage resulting from the appropriation thereof is recognized in *Oregon Central R. Co. v. Wait,* 3 Or. 428, 432, and in *Bridal Veil Lumber Co. v. Johnson,* 25 Or. 105, 108 (34 P. 1026). See also Judge Upton's opinion as circuit judge, 3 Or. 91, 95.

Originally, these rights, namely, the right to plead a legal defense in an action of this character, and the right to allege value, et cetera, were by statute granted disjunctively: General Laws of Oregon 1843-1872 (Deady & Lane Comp.) p. 534, § 45. In 1882, this section of the code was amended and these rights were granted conjunctively: Laws of Oregon 1882, p. 53. The first was deemed to be the right to plead by answer any fact or state of facts disclosing that plaintiff had no right to make the proposed appropriation. The latter, obviously, is the right to plead facts from a consideration of which, when proved, the amount of compensation, to which the answering defendant is entitled, may be determined by the court.

■ The general statute concerning the interposition of equitable matter by answer applies to special proceedings, except that an equitable defense of itself does not stay such special proceedings: *Friedenthal v. Thompson,* 146 Or. 640 (31 P. (2d) 643).

This general statute provides that equitable relief respecting the subject matter of the suit may be obtained by answer, and if, after determining the equities as interposed by answer or reply, the case is allowed to proceed at law, the pleadings containing the equitable matter shall be considered withdrawn from the case and the court shall allow such pleadings in the law action as are now provided for in actions of law: Section 6-102, Oregon Code 1930.

We think that while it would have been proper, before proceeding with the trial before a jury, to require the appearing defendants to amend their answers omitting therefrom the equitable matter, such course was not suggested by plaintiff and the failure to do so is not assigned as error.

Merely withdrawing the pleadings containing this equitable matter from the case, as required by the statute, does not constitute error. The remark of counsel predicated upon the pleadings thus withdrawn was properly taken from the jury.

The nineteenth assignment of error is based upon instruction number 26, which is as follows:

"You are instructed that Mr. Devers, counsel for the state, in his argument made certain statements about the Briggs mortgage to the effect that it was being foreclosed. You are instructed that whether or not the Briggs mortgage is being foreclosed is wholly immaterial to this case. There is no evidence before you in that connection. You are therefore instructed to disregard the remarks of counsel in that connection, give them no consideration and let it be as if you had not heard them."

Our attention has not been directed to any evidence concerning the foreclosure of the Briggs mortgage. The mortgage, itself, was the subject of testi-

mony. Its amount was given. The jury could not have been in doubt as to its existence. Withholding the allegations of the equitable matter as stated deleted the record of any showing to the effect that there had been a foreclosure and no error was committed by the learned trial judge in saying so.

The twentieth and last assignment of error criticises seven instructions of the court. We will not further extend this opinion by discussing these criticised instructions. We have considered them and are convinced that no reversible error was committed by the trial court in giving them.

The judgment of the circuit court is affirmed.

CAMPBELL, C. J., and RAND and BEAN, JJ., concur.