## FEJAVARY v. BROESCH.

1. **Exemption:** WAIVER OF: LIEN FOR RENT. A clause in a lease making the rent charge a lien upon the crops and stock upon the leased premises, "whether exempt from execution or not," constitutes in effect a mortgage, and is valid and enforceable.

*Appeal from Muscatine District Court.*

WEDNESDAY, OCTOBER 22.

THE defendant, on the 9th day of September, 1876, leased of the plaintiff a certain farm for the term of six years from March 1, 1877, and agreed to pay as rent therefor the sum of nine hundred dollars yearly, payable in equal semi-annual installments, on the first day of February and the last day of November of each year. The defendant also agreed in the contract of lease to pay all the taxes levied upon the demised property during the term. The lease was in duplicate—was signed by both parties—acknowledged by them, and afterward placed on record. The lease, in addition to the usual covenants and agreements, contained the following clause:

"And the said second party, in consideration of this lease, and the covenants herein contained on the part of the said first

party, hereby covenants and agrees to pay the said first party the aforesaid yearly rent of nine hundred ($900) dollars and taxes, in manner and form hereinbefore specified; hereby covenanting that said rents, whether due or to become due, shall be a perpetual lien on any and all the crops raised on the farm, and on any and all the cattle, hogs and pigs kept upon the premises, and belonging to said second party, whether the same be exempt from execution or not."

In his petition the plaintiff asked for a writ of attachment to be levied on " all the crops raised on the said premises, and any and all the cattle, hogs and pigs kept upon said premises, and belonging to said defendant, whether the same be exempt from execution or not."

The sheriff made the levy accordingly. The defendant claimed the property attached to be exempt from execution, and moved the court to discharge the levy, which was done, and the plaintiff appeals.

*Geo. E. Hubbell* and *Brannan & Jayne* for appellant.

No appearance for appellee.

SEEVERS, J.—It has been held that the waiver of the benefit of the exemption laws in a promissory note was against public policy and void. *Curtis v. O'Brien et al.*, 20 Iowa, 376. Does the case at bar come within the rule established in that case? We think not. In the cited case the contract was executory, and this court refused to enforce it because such a waiver is not recognized by statute and was against public policy. But the statute does recognize the validity of a mortgage on property which is exempt from execution. The validity of such a mortgage has never been doubted. Nor is it material that the property mortgaged was not in existence at the time it was executed. Whatever doubts there may have been on this subject were settled in this State in *Scharfenburg v. Bishop*, 35 Iowa, 60. The same principle was recognized in *Brown v. Allen*, Id., 306.

Technically, it is said, the instrument in this case cannot be regarded as a mortgage, because it does not contain a grant or

conveyance of the property. But clearly it creates a lien or equitable charge, and the right of a party to execute it, and its validity, must depend on the same principle as a mortgage. What does it matter what this instrument is called? the substantial right created is the same as a mortgage. Why may not the one be executed as well as the other? The validity of the lien should be recognized in the one case as in the other. Both may be executed by a party capable of contracting on a sufficient consideration and for a lawful purpose.

There is no essential difference between a mortgage and the instrument in question, unless it be in the mode of enforcement; but this does not touch or affect the question of power or validity of either instrument when executed. Such instruments as that in the present case have been upheld in *Everman & Co. v. Robb*, 52 Miss., 653; *McCaffrey v. Wodin*, 65 N. Y., 456, and *Butt v. Ellett*, 19 Wall., 544.

The motion to discharge the property was not based on the ground that the plaintiff had not proceeded in the proper manner. It cannot be made here for the first time. We must not be understood as intimating it would have prevailed if the objection had been made below.

REVERSED.