## SCHAFER v. SCHAFER *et al.*

1. **Equity:** JURISDICTION. An action to enforce an equitable lien is properly brought as an action in equity.

2. **Mortgage:** RIGHT OF WAY OVER PREMISES: WHO ENTITLED TO DAMAGES. Where the mortgage debt remains unpaid, and the land is not sufficient to pay it, and the mortgagor is insolvent, the mortgagee has, as against the mortgagor, a lien on the damages awarded for right away over the premises. ( See *Sawyer v. Landers*, 56 Iowa, 422). And in such case, where the mortgagee assigned his mortgage, but reserved his right to the damages, and the mortgagor assigned his equity in the land, and the mortgage was foreclosed and the land exhausted, leaving a balance. of the judgment unpaid, which balance was then assigned to the mortgagee, *held* that he was still entitled to the damages as against all parties, to be applied on the unpaid portion of the judgment.

*Appeal from Wapello District Court.*—HON. H. C. TRAVERSE, Judge.

FILED, OCTOBER 4, 1888.

ACTION in chancery to establish and enforce a lien claimed by plaintiff upon funds in the hands of one of

the defendants. There was a decree granting the relief prayed for by plaintiff. A part of the defendants appeal.

*D. C. Beaman* and *S. E. Adler*, for appellants.

*McNett & Tisdale*, for appellee.

BECK, J.—I. There is no controversy as to the facts in the case, which, briefly stated, are these: The plaintiff, being the owner of two town lots, sold them to his brother Ludwig, who is a defendant in this action, and executed to him a title bond, with conditions of forfeiture in case of non-payment, and an obligation by the plaintiff to convey the lots upon the payment of the purchase money, for which Ludwig executed his promissory notes. The Chicago, Milwaukee & St. Paul Railway Company, which is made a defendant, instituted condemnation proceedings in order to acquire the right to lay its track on a street upon which the lots abut. The plaintiff and his brother Ludwig were both made parties to the proceedings. Damages upon an appeal were finally awarded by judgment against the railroad company, but the rights of plaintiff and Ludwig were not determined, but held for future settlement. Plaintiff declared the bond forfeited for a breach of its conditions, and conveyed the property to Hill, by a warranty deed, for a consideration greater than the price agreed to be paid by Ludwig, and Hill conveyed it by warranty deed to Ladd & Harrow. Plaintiff reserved in his deed to Hill the damages recovered or to be recovered from the railroad company. Hill's deed to Ladd & Harrow recited this reservation. Ladd & Harrow brought an action against Ludwig to recover the possession of the lots, but upon demurrer it was held that the right to declare the bond forfeited had been waived by plaintiff. They then brought suit against plaintiff for breach of warranty of his deed, which was settled by plaintiff's assigning to them the title bond and the notes executed by Ludwig, reserving an interest therein equivalent to

the amount of the damages to be finally recovered against the railroad company in the condemnation proceedings. Of this transaction defendant had no notice. Ladd & Harrow amended their petition in the action brought to recover possession of the lots, and thereby asked a foreclosure of the title bond, showing its assignment to them. Ludwig and wife assigned to Beaman & Adler all their right and claim to the railroad damages. Ladd & Harrow recovered judgment in their action. on the title bond, upon which the property was sold and purchased by them. The balance of the judgment, remaining unpaid, was assigned by Ladd & Harrow to plaintiff. Upon these facts plaintiff claims that the railroad damages in equity should be applied on this judgment, and seeks in this action to enforce this right, claiming that he holds an equitable lien upon the money paid in satisfaction of the damages, which is in the hands of the sheriff, who is a party to this action. The district court, by decree, granted and enforced the relief prayed for by plaintiff.

II. Defendants insist that the district court erred in overruling a motion to transfer the cause to the law docket. We think the cause is one of equitable cognizance, in view of the fact that plaintiff seeks to enforce·. an equitable lien. It was rightly brought and prosecuted in chancery.

III. In order to determine the rights of plaintiff, we will consider briefly the relations between him and the other parties to the action. ( 1 ) The. relation between plaintiff and Ludwig is that of mortgagor and mortgagee. This is the settled doctrine of this court. ( 2 ) Beaman & Adler are the only defendants who claim the railroad damages against plaintiff. They are assignees of Ludwig. The other parties, the railroad company and the sheriff, take no part in the contention, and are indifferent as to the success of the other parties. The case, then, is a contest between a mortgagee and the assignee of the mortgagor as to which party shall recover the damages assessed in an *ad quod damnum* proceeding. While the mortgage debt remains unpaid,

and the land is not sufficient to pay the mortgage debt, and the mortgagor is insolvent, which is the case in this action, there can be no doubt that the mortgagee, as against the mortgagor, has a lien upon the judgment or claim for damages. Indeed, this lien is superior to that of an attaching creditor. *Sawyer v. Landers*, 56 Iowa, 422.

IV. What effect, if any, did the conveyances by plaintiff to Hill, and Hill to Ladd & Harrow, have upon the rights of plaintiff and his lien? We think none whatever, for two reasons: The conveyances passed no title as against Ludwig, and the parties so recognized the fact by proceeding to foreclose. But, assuming that they did, it does not follow that this defeats plaintiff's claim and lien. The grantees, Hill and Ladd & Harrow, did not succeed to plaintiff's right to the railroad damages, for such right was expressly reserved by plaintiff. They did not and could not make any objection to plaintiff's enforcing his right thereto. Ludwig, as we have seen, had no right to these damages. Surely he cannot object to the plaintiff and his grantees or assignees disposing of these damages by agreement. So under the proceeding of foreclosure brought by Ladd & Harrow, no objection can be raised by Ludwig that, by the agreement of the parties, the damages are reserved to plaintiff. Ludwig was not entitled to them. They go to the mortgagees, or their representatives or assigns. Ladd & Harrow stand as the assignees of the mortgagee, the plaintiff. They enforce their claim as mortgagees. But by an arrangement between them and plaintiff he is to take the railroad damage money. This does not affect Ludwig's right, for he had no claim to the damages. Nor can his assignees, Beaman & Adler, complain, for they stand in his shoes, and have no higher or better right than he held.

V. Beaman & Adler claim that, if the court holds that they are not entitled to the railroad damages as assignees, they are entitled to recover one hundred dollars thereof as attorney fees for prosecuting the case and recovering the judgment. But the firm of which one of

these attorneys was a member was paid for his services, and the other attorney did not appear for plaintiff, but. for Ludwig. It does not appear that he holds any lien against plaintiff. These considerations dispose of the controlling questions in the case. We think the decree, of the district court ought to be　　AFFIRMED.