SIOUX VALLEY STATE BANK, appellees, v. J. C. HON-
NOLD, et al., appellees, and WELCH & BERGIN,
Intervenors, Appellants.

Lease of Lands: LANDLORD'S LIEN: EXEMPTIONS: WAIVER: PROVISIONS HAVING EFFECT OF MORTGAGE: NOTICE. A provision in a lease of lands that any damage resulting to the lessor from the failure of the lessee to perform the terms of said lease with relation to plowing, harvesting and threshing, or from the failure to deliver to the lessor his share of the crops, should be a lien on all crops grown on said

land, and on all property of the lessee used on said premises, whether exempt from execution or not, is in effect a mortgage, and must be recorded to be valid against subsequent purchasers without notice. Section 2017 of the Code does not give the landlord a lien upon property exempt from execution, and if a provision like the above should be considered a waiver of such an exemption, it would be invalid.

*Appeal from Woodbury District Court.*—HON. C. H. LEWIS, Judge.

FRIDAY, MAY 20, 1892.

ACTION to recover rent due and to enforce a landlord's lien. The intervenors claim a prior lien upon certain property attached. A demurrer to the petition of intervention was sustained, and the intervenors appeal.—*Reversed.*

*Wm. Milchrist,* for appellants.

The attachment writ could only legally issue for the enforcement of the statutory lien. The landlord's lien is strictly statutory. *Perry v. Waggoner,* 68 Iowa, 403, 405. The remedy of the landlord, as well as the right, is statutory. *Houghton v. Bauer, et al.,* 70 Iowa, 314. It follows that, in availing himself of this special and extraordinary remedy, the landlord must take it just as the statutes gives it to him. *Merrit v. Fisher,* 19 Iowa, 354, 356. If exempt property can be taken under the landlord's attachment, because a lien is created thereon by the lease, then any other personal property given as security in the lease, not kept or used upon the leased premises, may be taken thereunder. In such event the lien would be the subject of contract between the parties to the lease, and could no longer be regarded as strictly statutory. In that case the officer would look to the contract between the parties, rather than his writ, to ascertain the property on which he is authorized to levy. If plaintiff has a lien under the lease upon the

VOL. 85—23

exempt property, for rent due, it is in the nature of a mortgages. *Bailey v. Keyes*, 52 Iowa, 90. Being in the nature of a mortgage, to be valid against intervenors, it should have been recorded. Jones on Chattel Mortgages, sec. 13; *Pitkin & Brooks v. Fletcher & Davis*, 47 Iowa, 53, 56.

*Miller & Edmunds*, for appellee.

The case of *Richardson Bros. v. Petersen*, 58 Iowa, 724, fully bears out the position taken by the court. The holding was plainly that the lien of the landlord held good as against the exempt property, and the only question remaining, after that holding in the matter, was whether a tenant, by an absolute transfer of the property, could divest the landlord of that lien. In determining whether the lien could be thus defeated, this language is used in that decision, viz: "If it could be defeated in that way at the option of the tenant, the security would be worthless, and the purpose of the statute to protect the landlord would be defeated." If a tenant cannot divest the landlord of his lien by a sale absolute, he cannot do so by a conditional sale. In *Abraham v. Davenport*, 73 Iowa, 112, the only question presented or considered by the court was as to whether property attached in that case was exempt property, and no question of waiver was presented in the case. The statement in appellant's argument, that a waiver of exemptions in a lease would be void is not upheld by the case of *Curtis v. O'Brien*, 20 Iowa, 376, referred to in argument, for in that case the question as to whether such agreement in a lease would be void was not presented, for it was an action on a promissory note and not an action for rent. In case of *Fejavary v. Broesch*, 52 Iowa, 88, the validity of such agreement was clearly presented and upheld by the court. Whether the language used be to create a lien on exempt property, or be it a waiver of exemptions, the right under the statute would

be the same, and would create a landlord's lien on exempt property in either case. Admitting the remedy of the landlord to be strictly statutory, is there anything in the statute to prevent parties from contracting to create a lien on exempt property? This court held, in the case of *Fejavary v. Broesch*, 52 Iowa, 88, that parties capable of contracting could create such a lien, and a waiver of exemptions was there upheld upon a statement of facts nearly identical with the case at bar. A provision creating a lien on property not kept on the demised premises would probably contravene the provisions of the statute, but a provision in a lease creating a lien on all property kept or used on the demised premises, by the tenant, is valid. The lien created may be in the nature of a mortgage, but the instrument itself is not a mortgage. The statute creating a landlord's lien does not make any provision for notice or for recording a lease. "If a statute creating a lien provides for no protection in favor of persons having no notice thereof, the property subject thereto, cannot be transferred free of the lien on the ground that the purchaser has no notice of its existence." *Richardson Bros. v. Petersen*, 58 Iowa, 726. In *Pitkin & Brooks v. Fletcher & Davis* 47 Iowa, 53, 56; the court holds that the fact that the landlord did not record his mortgage, and put it in a condition to create an available lien, is very strong proof that he relied upon his landlord's lien, which, of course, would be valid though not recorded.

ROBINSON, C. J.—In January, 1889, certain land was leased to the defendants J. C. and H. C. Honnold. As a part of the rental for the leased premises, they made a promissory note for the sum of five hundred dollars, payable on the first day of March, 1890. The plaintiff is the owner of that note, and commenced this action soon after it became due. A writ of attachment

for the enforcement of the landlord's lien was issued, and levied upon certain horses, harness, wagon, farming implements, and stock which were owned by H. C. Honnold, who was entitled to hold them as exempt from execution, for the reason that when the lease was made and when the writ was levied he was a resident of this state, a farmer, and the head of a family. The lease was in writing, and contains the following provision:

"And it is further understood and agreed by and between these parties that any breach of this contract, and any damage that the first party may sustain by reason of the second party failing to perform this contract, such as failing to do plowing, failing to harvest, stack and thresh grain at proper time, and to deliver first party's share according to this contract, and any other failure and damage resulting from such breach, shall be the same as rent due, and the first party shall have a lien for such damage on all crops growing or grown on said land, and on any and all property of the second party taken upon or used on said premises during the continuance of this lease, whether the same be exempt from execution or not, under the statutes of Iowa."

The plaintiff claims a lien upon the property in controversy by virtue of this provision. The intervenors claim a prior lien thereon by virtue of two chattel mortgages which were executed by H. C. Honnold,— one of which was given in September, 1889, and the other in November of the same year. The lease was not recorded, and the intervenors had no knowledge of its provisions when the mortgages were taken. The question we are required to determine is whether an agreement between the landlord and tenant, which is designed to extend the landlord's lien to personal property which is exempt from execution, is effectual as against a subsequent mortgagee without notice. The landlord's lien is purely statutory, and is conferred by

section 2017 of the Code, as follows: "A landlord shall have a lien for his rent upon all crops grown upon the demised premises, and upon any other personal property of the tenant, which has been used on the premises during the term, and not exempt from execution." * * *

The statute gives the landlord no lien upon property which is exempt from execution. *Abraham v. Davenport,* 73 Iowa, 111. A provision in the lease which creates a lien on such property is in its nature and effect a mortgage, and will be governed by the law applicable to instruments of that character, so far as applicable. The provision under consideration cannot be regarded as a mere waiver of the right to claim the exemption. It does not purport to be a waiver, and, if it were so intended, would be invalid. In *Curtis v. O'Brien,* 20 Iowa, 376, it was held that a waiver of the exemption laws contained in a promissory note was ineffectual because against public policy, although the maker of the note might have given a valid mortgage on his exempt property, to secure the payment of the debt. The same doctrine was announced in *Kneetle v. Newcomb,* 22 N. Y. 249. But the well-settled rules of construction require that where a contract is susceptible of two interpretations, by one of which it would be held valid, and by the other void, that one must be adopted which would make it valid. Therefore, if the intent of the parties were doubtful, we would be required to hold that the provision in question was not a mere waiver, but was intended to be in the nature of a mortgage. The language used, however, clearly indicates that such was the effect intended by the parties. In *Fejavary v. Broesch,* 52 Iowa, 88, a provision similar to that under consideration was held not to be a waiver of the exemption, and not technically a mortgage, but it was said that it created a lien or equitable charge, the validity of which, well as the right of a party to execute it, as

must depend upon the same principle as a mortgage. It was further said there is no essential difference between such an instrument and a mortgage, unless it be in the mode of enforcement. In our opinion, the provision under consideration was a mortgage of personal property, within the meaning of section 1923 of the Code, and should have been recorded to be valid against existing creditors or subsequent purchasers without notice. Jones on Chattel Mortgages, sec. 13. It is said that such a holding is in conflict with the doctrine of *Richardson v. Petersen*, 58 Iowa, 724. That case was decided upon an agreed statement of facts, from which it appears that the tenant had disposed of a team, which he had used on the leased premises, and the facts stated justify the inference that it was exempt when disposed of; but the court held that the landlord had a lien on the team which was not divested by the trade of the tenants, although made to a third party without notice. A careful examination of that case will show that the question of exemption was not considered by this court, and we may conclude that it was not presented in argument, or that the team was not exempt when the landlord's lien attached. The stipulation showed that the tenant was the head of a family "when he parted with the team," but how long he had held that relation is not shown. No stipulation in regard to exempt property appears to have been involved. On the contrary it was assumed that the statutory lien had attached, the court saying: "The horses in question, being used upon the demised premises, are subject to the plaintiff's [landlord's] lien, unless released therefrom by the sale to intervenor. The lien given by the statute is a charge upon the property of the tenant specified, to secure the rent due under the lease;" also, "the horses in controversy were used upon the demised premises, and thus became subject to the lien." The question determined by the

court was stated as follows: "We are required to determine whether the landlord's lien, held by the plaintiffs, was divested by the sale of the horses to the intervenor." But, as we have seen, the statute gave no lien upon exempt property; therefore the decision has no application to such property, but only to that to which the statutory lien has attached. The judgment of the district court is REVERSED.