A. E. MAINE v. DEMETRIOS CONSTANTINE, Appellant.

**Landlord and tenant:** LIEN: NOTICE: ENFORCEMENT. Subsequent purchasers are charged with notice of a provision creating a lien for rent in a duly executed and recorded lease of property; and where the provision was definite with respect to the extent of the lien and the property to which it attached, the fact that it was in general terms and resembled the landlord's statutory

lien, in no manner affected its validity, or the right to enforce it in equity.

**Same:** CLAIM FOR RENT:, EVIDENCE. The evidence respecting the amount due on certain rent notes is reviewed and held to support the finding of the trial court.

**Same:** WAIVER OF LIEN: FRAUD. The execution of a new lease, with the understanding that the amount still due on the prior lease should be satisfied, is not a waiver of the lien under the original lease: Nor could fraud be inferred from the fact that plaintiff sued for more than was in fact due him.

**Same:** ENFORCEMENT OF LEASE: PARTIES. One having no interest in a lease or the enforcement of the same at the time action was instituted for that purpose was not a necessary party defendant; the maker of the lease and rent notes and the present owner of the property were the only necessary parties.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

MONDAY, NOVEMBER 18, 1912.

ACTION to recover for rent alleged to be due from James Constantine, and to establish an alleged mortgage lien therefor on goods transferred by him through another to Demetrios Constantine. Relief, though for a lesser amount, was awarded as prayed. Demetrios Constantine appeals.—*Affirmed.*

*Ney & Bradley,* for appellant.

*S. C. Ranck,* for appellee.

LADD, J.—On February 6, 1906, plaintiff leased a store building to James Constantine for a period of three years beginning March 1st following at the rental of $50 per month. A lease was executed containing a provision that "the lessor shall have a lien for the rent at any time due or to become due upon any and all the property of the

said party of the second part, including all goods, merchandise, fixtures, and kitchen furniture used in or about said premises of any character or description during the term of this lease, whether the same is exempt from execution or not. No demand for rent shall be necessary to entitle rights herein stipulated." This lease was duly acknowledged by the lessee and recorded December 28, 1906. As evidencing the monthly rental thirty-six promissory notes were executed by the lessee to the lessor of $50 each payable on the 1st day of the respective months, and bearing interest at the rate of 7 percent per annum if not paid at maturity. The petition alleged that the notes maturing on the 1st days of January, February, April, May, and June, 1908, and January and February, in 1909, had never been paid, and that but $50 had been paid June 19, 1909, on the note maturing November 1, 1908. Judgment was prayed against James Constantine for the amount of these notes, and that a lien for such amount be established against the property on the premises, conceded to be that which belonged to the lessee named in the lease and by him kept thereon. On October 3, 1906, James Constantine made a conditional sale of the property contained in the building to John Constantine and Stephen Saphos, the terms being that the purchasers were to go into possession January 1, 1907; and, when their promissory notes amounting to $2,200, evidencing the price, were paid, the seller should execute to them a bill of sale of said property. This contract was also duly recorded. Subsequently Saphos sold his interest in the property and business to John Constantine, and about the termination of the lease the latter took Demetrios in as a partner. In the fall of 1907 plaintiff extended the building twelve feet to the rear under an agreement, as he claimed, that John Constantine would pay an additional rental of $10 per month. John denied having so promised, but his numerous checks for $60—each the total of the two rentals—strongly corroborate the plaintiff's

testimony, and we are satisfied that the arrangement was as claimed by plaintiff. On May 20, 1909, two months after the expiration of the lease to James Constantine, a new lease for a term of two years beginning May 1, 1909, at a monthly rental of $60 per month, was executed to John and Demetrios. On February 3, 1911, Demetrios acquired the interest of John Constantine in the property, and interposes several defenses, which will now be considered.

I. As the lease was duly acknowledged and recorded, subsequent purchasers were charged with notice of its contents in so far as these erected any incumbrance. Even

1. LANDLORD AND TENANT: lien: notice: enforcement. though the lien stipulated was in general terms and therein somewhat resembled the landlord's lien created by statute, this in no manner impairing its validity or the right of the lessor to enforce the same in equity. 1 Jones on Liens, section 540 et seq. The clause creating the lien was definite in terms with respect to the extent thereof and the property to which attached, for it was to secure the rent reserved in the lease, due or to become due, and to cover all the goods of the lessee on the demised premises. There is no basis for the contention that the lien thus created was but the statutory landlord's lien, or that Demetrios Constantine took without notice.

II. It is said, however, that the notes sued on had been paid. This conclusion is reached in two ways: (1) By computing all which has been paid throughout the period of both leases, and then excluding the

2. SAME: claim for rent: evidence. rent of the last three months as unpaid; (2) in claiming that certain disputed items have in fact been paid. Under the sale of James to John Constantine, the latter was to pay the rent from January 1, 1907, and there is no controversy but that none was owing for the use of the premises prior to that time. The rent since January 1, 1911, has been paid. From January

1, 1907, to October 1, of that year it should be computed at $50 per month and thereafter at $60 per month, amounting without interest to $2,790. The plaintiff concedes that he has been paid $2,349. Appellant argues upon the assumption that the $240 paid after January 1, 1911, was not applied on the rent thereafter maturing, and, of course, reaches the conclusion that much less at least is owing on .the rent previously maturing. John Constantine testified to having paid plaintiff by check, $50.20, June 6, 1908, and $50, October 3, 1908. Neither of these checks were produced, but items of like amounts were charged a few days after each check was issued in Constantine's account with the bank at which he did business. No credit, however, was given plaintiff, who had an account with the same bank. But, of course, he might have indorsed the checks to others or drawn the money thereon. He explained that he thought he had indorsed one of the checks to James Constantine in payment of a note owing him by John. These items must have been allowed. A check of $107.20 was issued to Maine by John Constantine May 20, 1908, and the latter contends that this was in payment of rent, while the former testified that it was to recoup him for a like amount paid to satisfy a judgment recovered by James Constantine against John in the justice's court. Also John Constantine testified to having paid the rental for January and February, 1908, in cash, and also to having made two payments of $50 each in 1908. His testimony as to these payments is entirely uncorroborated and denied by plaintiff. In view of this state of the record and the fact that the several witnesses testified orally, the findings of the district court either that the $107.20 should be credited and the alleged payments of rents for January and February, 1908, rejected or *vice versa,* and the alleged cash payments of $50 each were not made, ought not be disturbed. If so, then the finding of the district court that $228.25 was still owing should not be disturbed.

III. The contention that plaintiff in executing the new lease and in receiving subsequent payments of rent waived the lien of the first lease is not well founded. It is true he had first declined to execute the new lease until the rental of the former lease had been fully paid, but testified that he finally executed the lease upon the understanding that the amount due on the first lease was to be satisfied.

*3. SAME: waiver of lien: fraud.*

The notes sued on were not surrendered, and the making of the new lease in no way prejudiced the defendants, nor did the matter of application of payments, and we discover no ground upon which the doctrine of waiver can well rest, nor is fraud to be inferred from the fact that plaintiff claimed more than was finally found to be due. The evidence does not warrant the conclusion that he acted in bad faith, and therefore fraud can not be imputed to him.

It is urged that John Constantine should have been made a defendant. He had no interest in the property in controversy when the action was begun or thereafter. Judgment was not claimed against him. It was enough that the maker of the lease and notes, together with the present owner of the property, were made parties defendant.

*4. SAME: enforcement of lease: parties.*

We discover no error in the record, and the judgment is—*Affirmed.*