F. A. REESE, Appellant, v. PETER LAMP, Appellee.

CITIZENS STATE BANK, Appellant, v. PETER LAMP, Appellee.

CHATTEL MORTGAGES: Lease Clause as Mortgage. A clause in a lease to the effect that the crops grown shall be security for all sums due or to become due from the tenant to the landlord, "as evidenced by book account or note," constitutes a valid chattel mortgage, and, though unrecorded, is valid against all those whose rights are acquired with knowledge of such clause.

CHATTEL MORTGAGES: Knowledge—Possession of Unrecorded Instrument. A chattel mortgagee may not say that he had no knowledge of a chattel mortgage clause *in a farm lease,* when he had said farm lease before him when his chattel mortgage was drawn, and used said lease in preparing his mortgage.

*Appeal from Monona District Court.*—MILES W. NEWBY, Judge.

MAY 15, 1923.

Two actions to recover damages for conversion by defendant of grain raised by his tenants on the lands of defendant, on which crops plaintiffs held chattel mortgages. Defendant claimed the grain in controversy, under his lease with the Beeneys. By stipulation of parties, the two actions were consolidated, and transferred to equity, and tried together, as equity cases. The court found for defendant, and dismissed the petitions, and entered judgment for costs against plaintiffs. Plaintiffs appeal. Facts appear in the opinion.—*Affirmed.*

*Prichard & Prichard,* for appellants.

*B. H. Morrison* and *C. E. Underhill,* for appellee.

ARTHUR, J.—On December 11, 1919, Lamp leased to William H. Beeney and Carl D. Beeney a farm of about 400 acres,

for the year beginning March 1, 1920, for share of crop rental,

1. CHATTEL MORT- three-fifths of all corn and one-half of all small
GAGES: lease grain raised on the premises. Among other
clause as mort-
gage. things, it was provided in said written lease that
all crops grown on said premises during the term of said lease
should be security for all sums due or to become due from said
Beeneys to said Lamp. During the term of said lease, said
Beeneys became indebted to the defendant for cutting wheat on
said premises; paying for threshing of the wheat; furnishing
feed for their stock, flour, and food for them and their families;
and other advances that were necessary for them to live and
farm said premises during the term of said lease, the same
amounting to approximately $3,200, which exceeded the value
of the wheat, corn, or other grain turned over by said Beeneys
to the defendant. The Beeneys were indebted to plaintiff Reese,
and on December 20, 1919, to secure such indebtedness and fu-
ture advancement of $200 or $300, executed to plaintiff Reese
a chattel mortgage on their crops to be planted and raised dur-
ing the year 1920 on the Lamp farm, for $3,400. This mortgage
was recorded on January 10, 1920.

W. H. Beeney and his wife, Kate Beeney, were indebted to
L. J. Seybold, and on November 3, 1919, executed to Seybold
a mortgage on the crops to be grown in 1920 by the Beeneys
on the Lamp land. The indebtedness was evidenced by two
promissory notes, in the aggregate of $7,702.49. This mortgage
was recorded on November 4, 1919. Afterwards, said mortgage
and the notes secured thereby were assigned to plaintiff Citizens
State Bank.

Lamp received from the Beeneys and took possession of the
crop raised on the premises during the period of his lease, and
refused to recognize liens of the plaintiffs thereon, claiming that
his leasehold lien was superior to any mortgage liens claimed by
plaintiffs.

I. The lease was not recorded; but it is the claim of de-
fendant, in his answers and in the testimony offered on the
trial, that the plaintiff Reese and the plaintiff Citizens State
Bank each had actual notice and knowledge of the lease and of
the provision in said lease giving to the defendant a lien upon
said crops, at the time the mortgages were made by the Beeneys

to plaintiffs, and were, therefore, bound by such provision in the lease.

Further defense was made by Lamp that he had neither actual nor constructive notice of either of said chattel mortgages made by the Beeneys to the plaintiffs, at the time said crops in controversy were turned over to him; that the Reese mortgage, though placed of record, did not, by reason of insufficient description as to location of the property, impart constructive notice; that the description in the Citizens State Bank mortgage was not sufficient, and the record of said mortgage did not give the defendant constructive notice of the lien of said bank; that the acknowledgment of said mortgage was illegal and void, because taken by the cashier of said bank, who was a stockholder therein, and, therefore, the record of said mortgage did not constitute notice to the defendant of its provisions; that a settlement was had between him and Reese as to all grain covered by Reese's mortgage.

II.  Appellants challenge the validity of the lien claimed by appellee under his lease, wherein it is provided that the crops grown on the premises "shall be security for all sums due or to become due from party of the second part, as evidenced by book account or note held by party of the first part."

The evidence warranted the court in finding—in fact, it is not seriously questioned by appellants—that appellee did furnish to the Beeneys (and they became indebted to him therefor) feed for their stock and food for themselves and their families and money necessary for the tenants to live and cultivate the premises in substantially the amount claimed by him; and that such indebtedness was in excess of the value of the grain received by appellee from his tenants.

There can be no doubt that the contract for lien in favor of the landlord, Lamp, was, in effect, a chattel mortgage, and created a valid and subsisting lien on the property in controversy. *Sioux Valley St. Bank v. Honnold,* 85 Iowa 352; *Ladner v. Balsley,* 103 Iowa 674; Note to *Kaufman v. Underwood,* 119 Am. St. 123; *Wright v. Voorhees,* 131 Iowa 408.

III.  It is conceded that the lease was not recorded, and, therefore, no constructive notice was imparted to appellants.  In lieu of notice by recording, appellee claimed that both appel-

2. CHATTEL MORT-
   GAGES: knowl-
   edge: possession
   of unrecorded
   instrument.

lants had actual notice and knowledge of the lease and its provision giving him a lien upon the crops, at the time their mortgages were taken. If appellants had actual knowledge of the lease and the provision therein giving appellee, Lamp, a lien on the crops, at the time their chattel mortgages were executed, said lease would be binding upon them, the same as if it had been recorded before appellants received their chattel mortgages. Code Section 2905; *McGavran v. Haupt,* 9 Iowa 83; *Gordon v. Hardin,* 33 Iowa 550; *Kern & Son v. Wilson,* 82 Iowa 407; *Hibbard, Spencer, Bartlett & Co. v. Zenor,* 82 Iowa 505.

The evidence fully warranted the court in finding that both mortgagees, appellants, had actual notice and knowledge of the lease and its provisions, at the time the mortgages were made. Appellant Reese testified that: "I wrote the mortgage myself at the Onawa State Bank;" that the Beeneys had the land "rented at the time they gave me the chattel mortgage. In drawing the mortgage, I took the description from the lease. I had the lease in my possession when I drew the mortgage." William H. Beeney, as a witness for appellant, testified concerning the mortgage made to Seybold and transferred to appellant Citizens State Bank that:

"The note and mortgage was for cattle and hogs bought of Seybold. Mr. Kieffer, president of the bank, drew the mortgage. Mr. Seybold was there when it was drawn. I had a copy of the lease with me, and they took the description of the premises from the lease."

Reese, who drew his own mortgage, with the lease before him, and Kieffer, president of the bank, who drew the Seybold mortgage, now held by the bank, with the lease before him, were men with experience in business. These men, thus having the lease before them when they drew the mortgages, cannot be heard to say that they did not have knowledge of the provisions of the lease creating a lien upon the tenant's crops on the leased premises in favor of the landlord, Lamp. They cannot be heard to say that they did not know the provision in the lease which they had abundant opportunity to know, and must be held to have known. *Allen v. McCalla,* 25 Iowa 464.

Since we hold that appellee, by virtue of his lease, had a

valid lien upon the corn and other grain in controversy, and that such lien was superior to the claimed mortgage liens of appellants, this disposes of the case. We need not discuss other questions presented.

We find no reason for disturbing the judgment of the court below, and it is—*Affirmed.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.