CLYDE E. BRENTON, Appellant, v. EMORY D. BREAM et al.,
Appellees.

**LANDLORD ' AND TENANT:** Lien—Exempt Property—Non-priority
Over Mortgage. A lien on the exempt personal property of a tenant
by virtue of the terms of an *unrecorded* lease, signed by both hus-
band and wife, is subordinate in right to a subsequently executed
and recorded chattel mortgage on the property, even though the
mortgagee takes his mortgage with knowledge that the mortgagor
was a tenant, but without knowledge that the lease granted the land-
lord a lien on the tenant's exempt property.

Headnote 1:   11 C. J. p. 658.

Headnote 1:   37 A. L. R. 400 (Anno.); 16 R. C. L. pp. 980, 981.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

NOVEMBER 16, 1926.

Suit to foreclose a lien for rent given by a written lease.
The Universal Loan Company filed cross-petition for the fore-
closure of a subsequent chattel mortgage on the same property.
The court gave the priority to the chattel mortgage. The plain-
tiff appeals.—*Affirmed.*

*C. E. Hunn* and *H. S. Hunn,* for appellant.

*Guy S. Calkins* and *Wessels & Wessels,* for appellees.

MORLING, J.—Plaintiff is the owner of an apartment house
containing 24 apartments. On October 2, 1923, he let one of the
apartments to Bream by written lease. The lease was signed also
by Bream's wife. By its terms the plaintiff had a lien for the
rent upon all of their property on the leased premises, whether
exempt or not. The lease was not filed or recorded. On January
23, 1924, the Universal Loan Company loaned the tenants $300,
and for security took from them a chattel mortgage upon their
furniture in the apartment. The chattel mortgage was later
recorded. Before the loan was made, the mortgagee's represent-
ative called at the apartment and appraised the furniture. He

asked Mrs. Bream if the rent was paid to date, and was told that it was. She also told him that the furniture was clear. He searched the records, and found nothing against the property. He knew that the Breams were renting the apartment, but did not ask to see the lease. The mortgagee did not know that there was a lien against the property, and if it had so known, would not have made the loan.

It is argued that there is no statutory requirement for the recording of a lease, and also that the mortgagee had opportunity to know the facts, and had knowledge of such facts as put it upon inquiry, and is, therefore, chargeable with notice of the lease lien.

I. No claim is made to a statutory lien for the rent, as it is assumed that the property was exempt. The plaintiff's right to a lien rests upon his lease. The lease, so far as it gives a lien on exempt property, is, in substance, a chattel mortgage. *Fejavary v. Broesch*, 52 Iowa 88; *Sioux Valley St. Bank v. Honnold*, 85 Iowa 352; *Reese v. Lamp*, 195 Iowa 1221. By Section 2, Chapter 352, Acts of the Thirty-eighth General Assembly (Code of 1924, Section 10015), it is provided:

"No sale or mortgage of personal property where the vendor or mortgagor retains actual possession thereof is valid against existing creditors or subsequent purchasers without notice, unless a written instrument conveying the same is executed * * * recorded, or filed * * *"

The nature of the debt for which the chattel mortgage is given is immaterial. Whether the debt is for rent or for money borrowed, whether the debt has fully accrued or is accruing, in either case the chattel mortgage, or its equivalent securing it, must be filed or recorded, to be of any validity against subsequent purchasers without notice. *Sioux Valley St. Bank v. Honnold*, 85 Iowa 352.

II. Plaintiff argues that all apartment leases in Des Moines give a lien for the rent, and that the mortgagee was bound to know that fact; that it knew there was a lease, and was chargeable with notice that the rent was made a lien upon the exempt property. In effect, therefore, plaintiff argues that judicial notice must be taken of the alleged fact that the rent for apartments in Des Moines is secured by written lease, making it a lien

upon exempt property. We can conceive of no legal reason, and know of no authority, that would sustain this contention.

It is argued further that, as the mortgagee knew that the mortgagors were tenants, occupying under a lease, if they did not make inquiry about its contents, they designedly abstained from doing so; and that they are chargeable with notice of its contents, as respects the lien. To sustain this argument would be, in effect, to hold the proposition that everyone must be assumed to know that a lease of an apartment is executed by both husband and wife, and makes the rent a lien on their exempt property. The lease may or may not be so executed or drawn. The law provides a method of giving constructive notice by filing or recording. Lessors are not excepted from the operation of such provision. They may thereby fully protect themselves.

We have assumed that the property included in the mortgage was all exempt. The loan company or its examiner, on application for loan, would not be called upon to determine whether or not the property would all be exempt. It was no more than a reasonable precaution, and a reasonable inquiry into their credit risk, to find out if the proposed mortgagors were keeping their rent paid. We think that the mortgagee might well inquire whether the proposed borrower was keeping up his rent, without being chargeable with knowledge of an unrecorded contract lien for the rent, particularly when he is told that the property is clear, and, on searching the records, finds nothing against it. The record does not sustain the claim that the mortgagee willfully abstained from making inquiry, or that it had knowledge of such facts as charged it with notice of the existence of an unrecorded lien.

The judgment is affirmed.—*Affirmed.*

DE GRAFF, C. J., and EVANS and ALBERT, JJ., concur.