WILLIAM BROWNLEE, Appellant, v. JOHN MASTERSON et al., Appellants; T. J. GLENN, Intervener, Appellee.

No. 41783.

MARCH 14, 1933.

C. C. Orvis, for appellant Brownlee.

R. J. Woodard, for appellants John and Nellie Masterson.

Johnston & Shinn and David S. David, for intervener-appellee T. J. Glenn.

KINTZINGER, J.—Plaintiff by written lease rented the land in question to the defendant John Masterson for a period of five years · from March 1, 1928. In his petition filed February 5, 1932, and a later amendment plaintiff asks a landlord's attachment against the property in question and judgment for $577. The attachment was duly issued and the property in question levied on. Thereafter on February 8, 1932, plaintiff and defendants agreed on the sale of the property attached by the sheriff; the defendants also waived all exemptions as to plaintiff and agreed that plaintiff receive the rents from the proceeds of the sale made by the sheriff.

The lease was not signed by the tenant's wife, and was not recorded; the lessee was a resident of Iowa and the head of a family.

On February 8th the court adjudged and decreed that the sheriff sell the property attached *and hold said funds until the further order of this court*, and further ordered the sale of any other property levied on, and if it "sell for more than plaintiff's claim that he, under order of court herein, *pay any balance to whomsoever entitled thereto.*"

On February 9, 1932, intervener, Glenn, filed a petition in intervention alleging his ownership of a $1,000 note, and chattel mortgage securing the same, executed by the defendant John Masterson and Nellie Masterson, his wife, on July 22, 1930, the mortgage being duly recorded on July 22, 1930. The intervener asked judgment for $1,000 on the note, and a prior lien under his chattel mortgage upon the property attached and the proceeds from sale thereof as against plaintiff's claim for a landlord's lien.

On February 15th plaintiff, in an amendment to his petition, asked that plaintiff's landlord's lien be established as superior to that of the intervener.

On February 26, 1932, the defendant, John Masterson entered

his appearance and confessed judgment for $577 for the rents of 1931 and to March 1, 1933.

On March 8th, the court entered an order *finding* that the plaintiff is entitled to a judgment of $577.00 with interest and costs. And also *finds that said judgment is a first lien upon the funds* and property unsold in the hands of the sheriff, and the sheriff was directed to sell said unsold personal property—pay the costs and expenses of sale—*"and hold the balance of the said sale subject to the further order of this court."* This order was signed by the court, February 26, 1932. It was later agreed that this order was not binding on intervener.

On April 12, 1932, the defendants, John and Nellie Masterson filed a general denial to Glenn's petition of intervention, except they admit the execution of the note and chattel mortgage held by intervener. They further allege that said chattel mortgage was executed without consideration. They also "expressly waive any exemption under the law as against William Brownlee and admit that said property or the proceeds be applied upon the rent."

On April 12, 1932, the plaintiff in his answer denies every allegation in the petition of intervention and prays judgment for the proceeds of the sale in the hands of the sheriff.

On May 20, 1932, the defendants, John and Nellie Masterson, by amendment to their answer allege that all property levied upon was not subject to any exemption, but was subject to execution and levy for debts, and especially for the rents due plaintiff.

Thereafter on May 26, 1932, this action was submitted to the court upon an agreed statement of facts. The agreed statement of facts is substantially as follows:

"It is conceded by all parties that exhibit A is the lease; that the sheriff levied upon all the property in controversy under a landlord's attachment on February 5, 1932.

"That on February 13, 1932, 53 of the hogs attached were sold by order of court for $417.85 less costs, leaving a balance of $311.70 in the hands of the sheriff, to take the place of the property attached, claimed by plaintiff and intervener, and *that the liens of the parties are to follow the proceeds.*

"That on April 1, 1932, the remaining hogs, cows, horses and mules were sold, by order of the court, for $134.86, which less costs left a balance of $100.06 in the hands of the sheriff, *held under the*

*same terms and conditions as the hog money,* heretofore mentioned, being a total of $411.76 in the hands of the sheriff.

"On February 26, 1932, plaintiff recovered judgments amounting to $578.00 against defendant John Masterson.

"It is also stipulated that all of the property in controversy was used by the defendant John Masterson on the premises and was his during the term of the lease; that defendant John Masterson waives any and all claims of exemption as to said property under the laws of Iowa, which waiver is effective as of April 12, 1932.

"All parties concede that the $1,000 note executed by John and Nellie Masterson on March 1, 1926, and at one time assigned to J. T. Daughman and afterwards reassigned to T. J. Glenn (intervener) is a valid note and judgment should be rendered thereon for $1,000.

"It is conceded that to secure payment of said note, the defendants, John and Nellie Masterson, husband and wife, did on July 22, 1930, execute and deliver to J. T. Daughman, the then holder of said note, a chattel mortgage covering the property in question; that said mortgage was recorded in the office of the county recorder of Mahaska County, in July 1930; that the mortgagors resided in Mahaska County, and the property at said time was situated in Mahaska County. A true copy of said note and mortgage being attached to intervener's petition, as exhibits A and B; that said note and mortgage are now the property of intervener.

*"That the property in question, except for the waiver herein mentioned and the terms of said mortgage, would be exempt from execution to* said John Masterson as being a married man, resident of the State of Iowa and the head of a family; that said property at the time of the execution of said mortgage was situated on the farm of plaintiff.

*"It is further stipulated and agreed that the judgment entry made by this court on the 26th day of February, 1932, as to the priority of liens is not binding on this intervener T. J. Glenn."*

Upon this record the lower court found that the defendants, John Masterson and Nellie Masterson, executed the chattel mortgage in question, covering the property in controversy in July, 1930, and was recorded a few days after its execution.

That the defendant John Masterson executed and delivered to plaintiff the lease in question *and that said lease was not signed by the defendant Nellie Masterson, who was the wife of John Masterson, and that said lease was never recorded.*

That the personal property levied upon was sold by the sheriff and the net proceeds of $417.76 was left in his hands to await the final outcome of this suit.

That on the 28th of February, judgment was rendered in favor of the plaintiff against the defendants for the sum of $577.

That the defendants are indebted to intervener, Glenn, on his note and mortgage in the sum of $1,058.30 with interest at 7 per cent.

The court further found that the plaintiff would have no lien upon the property attached, because the parties *stipulated and agreed* that the property levied upon was exempt from execution.

The court further found that the said property and proceeds of sale were covered by the lien of intervener T. J. Glenn's chattel mortgage and that said proceeds belong to intervener.

It was, therefore, *ordered* that the sheriff pay to the clerk of court $417.76 derived as proceeds from the sale of said property, and that out of said sum the clerk pay any unpaid court costs, and credit the balance on the judgment of intervener, T. J. Glenn.

From the foregoing record, it appears that:

(1) The lease executed by plaintiff to the defendant John Masterson contained an agreement for exemptions, but was not signed by the lessee's wife;

(2) that said lease was never recorded in the office of the county recorder;

(3) that the defendant John Masterson and his wife, Nellie Masterson, on July 30, 1930, executed a chattel mortgage, securing a note of $1,000, to intervener in 1926 payable one year after date;

(4) that said note and mortgage at the time of the commencement of this action were the property of T. J. Glenn;

(5) that the intervener's chattel mortgage also waived all statutory exemptions;

(6) that all the property attached would have been exempt to the lessee except for the waiver given by him as of April 12, 1932, and except for the waiver included in the chattel mortgage.

It also appears that the chattel mortgage was subsequent to the execution of the unrecorded lease.

I. It is the settled law of this state that a lease giving a lien upon exempt property is in substance a chattel mortgage. Fejavary v. Broesch, 52 Iowa 88, 2 N. W. 963, 35 Am. Rep. 261; Sioux Valley State Bank v. Honnold, 85 Iowa 352, 52 N. W. 244; Reese

v. Lamp, 195 Iowa 1221, 193 N. W. 536; Brenton v. Bream, 202 Iowa 575, 210 N. W. 756.

It is also provided by section 10015 of the Code that:

"No sale or mortgage of personal property where the vendor or mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers without notice, unless a written instrument conveying the same is executed, * * * recorded by, or filed * * *."

In Brenton v. Bream, 202 Iowa 575, loc. cit. 576, 210 N. W. 756, 757, we said:

"The nature of the debt for which the chattel mortgage is given is immaterial. Whether the debt is for rent or for money borrowed, whether the debt has fully accrued or is accruing, in either case the chattel mortgage, or its equivalent securing it, must be filed or recorded, to be of any validity against subsequent purchasers without notice. Sioux Valley State Bank v. Honnold, 85 Iowa 352, 52 N. W. 244."

It appearing that the lease in question was not recorded, it is not valid as to exempt property against intervener's mortgage executed subsequently thereto and duly recorded.

Appellants contend that *some* of the property levied on was nonexempt, and that therefore the court could not render a valid finding that it was *all* exempt.

The finding of the lower court, however, was based upon the solemn written stipulation and agreement of the facts, signed by all the parties. In this stipulation it is agreed *"that the property in question,* except for the waiver herein mentioned, and the terms of said mortgage, *would be exempt from execution to the said John Masterson as being a married man, resident of the State and the head of a family."* (Italics are ours.)

The recitals in the judgment were based upon the agreed statement of facts and all parties are bound thereby upon appeal. Bales v. Murray, 186 Iowa 649, 171 N. W. 747.

II. Another reason why the lease in question is of no validity against intervener's chattel mortgage is the fact that it was not signed by the tenant's wife.

A landlord has a lien for the rent upon all crops grown upon the leased premises and upon all other personal property used and

kept thereon, during the term of the lease, *which is not exempt from execution.* Code section 10261.

Under the stipulation in this case all of the property levied upon would be exempt to the head of a family as a resident of this state, unless there was a valid waiver under the lease or mortgage.

Under the exemption statutes of this state, no incumbrance of personal property, which may be held exempt from execution by the head of a family, if a resident of this state, shall be of any validity as to such exempt property only, unless the same be by written instrument, and unless the husband and wife, if both be living, concur in and sign the same joint instrument. Code, section 10013.

█ The lease in question was not signed by the tenant's wife, and is of no validity as to exempt property, against intervener's mortgage. The waiver of exemption contained in the pleadings, filed after the commencement of this action, came too late, even though it might be held a good waiver as to subsequent creditors. Nicholson v. Aney, 127 Iowa 278, 103 N. W. 201.

It is contended that because the defendants were occupying tenants at the time the chattel mortgage in question was executed, the intervener must be charged with knowledge of the terms of the lease. In Brenton v. Bream, 202 Iowa 575, loc. cit. 577, 210 N. W. 756, 757, we said:

"It is argued further that, as the mortgagee knew that the mortgagors were tenants occupying under a lease, if they did not make inquiry about its contents, they designedly abstained from doing so, and that they are chargeable with notice of its contents as respects the lien. To sustain this argument would be in effect to hold the proposition that everyone must be assumed to know that a lease of an apartment is executed by both husband and wife, and makes the rent a lien on their exempt property. The lease may or may not be so executed or drawn. The law provides a method of giving constructive notice by filing or recording. Lessors are not excepted from the operation of such provision. They may thereby fully protect themselves."

There is no evidence in this record tending to show that the intervener had the slightest knowledge of the contents of plaintiff's lease, and it not being recorded, he did not even have constructive knowledge of its contents. The lease was not signed by the tenant's

wife, was not recorded, and, therefore, is of no validity as to exempt property against intervener's chattel mortgage.

III. It is also argued by appellant that under a previous interlocutory order of court authorizing the sale of the attached property, there was an adjudication as to the rights of the parties under their claims for liens. There is no merit in this contention, because the orders themselves all provide *that the proceeds of the sale of the attached property should be left in the hands of the sheriff to await the final outcome of the suit.* The first order of court was made before the intervener was a party to this action and under the agreed statement of facts, the parties agree:

"It is further stipulated and agreed that the judgment entry made by this court on the 26th of February 1932 as to the priority of liens is not binding upon this intervener, T. J. Glenn."

The lower court found that intervener's mortgage was superior to any claim of plaintiff and ordered the sheriff to pay the clerk the money derived from the proceeds of the sale of the property attached, and out of the same pay the clerk and unpaid court costs, and give the intervener credit for the balance on his judgment.

We find no error in the rulings and judgment in the lower court.

It is also the finding of this court that the intervener, under his chattel mortgage, is entitled to the proceeds of the sale of the personal property in question, amounting to $417.76 less any unpaid costs, and that the same be paid to the intervener.

The judgment of the lower court is hereby affirmed.—Affirmed.

All Justices concur except MITCHELL, J., who took no part.