CARLETON D. BEH, Appellant, v. WM. TILK et al., Appellees.

No. 43609.

NOVEMBER 17, 1936.

Wilson & Kellam, for appellant.

C. H. Williamson, for appellees.

STIGER, J.—On September 30, 1930, the plaintiff and defendants entered into a written lease of plaintiff's farm for a

period of one year from March 1, 1931, which provided that at the termination of the lease it could be extended for an additional three-year period if satisfactory to both parties. The lease contained the following clause:

"It is understood that the said Carleton Beh (the landlord) shall have, in addition to the lien given him by law, a lien upon the term of this lease, and a lien upon all property of the said William Tilk used or situated upon the leased premises, whether said property is exempt from execution or not, for the whole amount of rent agreed to be paid by this lease."

On December 12, 1934, the plaintiff brought this suit in equity for rent and to enforce his contract lien. The prayer of the petition is as follows: "Wherefore he prays that he have judgment against both of the defendants for the sum of $364.00 rent as shown by said lease, Exhibit 'A' and the two notes, Exhibit 'B' and Exhibit 'C' and that a landlord's Writ of attachment issue for the enforcement of his landlord's lien and that his lien be established on all of the property of the defendants brought or kept on the demised premises during the entire term of said lease and for such other and further relief as may be equitable and just and for costs of suit."

The defendants moved to transfer the cause of action from equity to the law calendar and the trial court sustained the motion. The defendants then filed an answer setting out certain defenses including a counter-claim for damages for failure on the part of the plaintiff to make certain improvements.

A trial was had to a jury which returned a verdict for the defendants. Plaintiff moved for a new trial on the ground that the verdict was the result of passion and prejudice on the part of the jury and that the verdict had no support in the evidence. This motion was overruled and plaintiff appeals.

The case is before us on two assignments of error: (1) that the court erred in sustaining the motion of the defendants to transfer the entire cause of action to the law calendar, (2) that the court erred in overruling the motion for a new trial.

We will direct our attention to the first assignment of error. In addition to plaintiff's statutory lien for rent, the clause in the lease set out above gave to the plaintiff a contract lien for his rent.

The existence of a statute giving the landlord a lien for rent

does not prevent the landlord and tenant from contracting for a lien. And the fact that a lease stipulates for a lien in terms resembling the statutory declaration of the landlord's lien does not make the contract lien a statutory one. 36 C. J. page 480, section 1410; Maine v. Constantine, 157 Iowa 625, 138 N. W. 702.

A lease which in addition to the statutory lien makes the rent charge a lien upon the property of the tenant on the premises whether exempt from execution or not constitutes, in effect, a chattel mortgage or equitable lien. Fejavary v. Broesch, 52 Iowa 88, 2 N. W. 963, 35 Am. Rep. 261; Sioux Valley State Bank v. Honnold, 85 Iowa 352, 52 N. W. 244; Reese v. Lamp, 195 Iowa 1221, 193 N. W. 536; Brenton v. Bream, 202 Iowa 575, 210 N. W. 756; Gatch v. Garretson, 100 Iowa 252, 69 N. W. 550.

36 C. J. 485, section 1436. Equity has jurisdiction of a suit to enforce a provision in a lease giving the lessor a lien on the property on the premises for rent and to obtain a sale of the property under the lien and, where the lease contains no agreement as to the mode of enforcement, the lien must be enforced by an action in equity.

An action to enforce an equitable or contract lien is properly brought as an action in equity. Schafer v. Schafer, 75 Iowa 349, 39 N. W. 697; Midwest State Bank v. Struble, 197 Iowa 304, 197 N. W. 11.

Where an action is properly brought in equity the defendant has no right to a trial by jury of law issues presented in the answer, and the court will retain jurisdiction and determine the legal issues presented. Bankers Life Co. v. Bennett, 220 Iowa 922, 263 N. W. 44; Williamsburg Savings Bank v. Donohoe, 203 Iowa 257, 212 N. W. 555; Fisher v. Trumbauer & Smith, 160 Iowa 255, 138 N. W. 528, 141 N. W. 419.

A landlord's lien may arise either out of a contract or by virtue of a statutory provision.

The plaintiff brought this suit on his contract lien to enforce the lien and collect his rent. The suit was properly brought in equity and the district court can and will determine in the equity suit the legal issues presented by the defendants' answer.

The trial court erred in transferring this cause to the law calendar. Because of our holding, it is unnecessary for us to consider the other errors assigned. The verdict and judgment

rendered in the lower court is set aside and the case is reversed and remanded for trial in equity on plaintiff's petition to enforce his contract lien.—Reversed and remanded.

PARSONS, C. J., and ANDERSON, DONEGAN, MITCHELL, and HAMILTON, JJ., concur.