In re Thomas E. **WALDO** and **Sharyn Lee Waldo, Debtors.**

A. Frank **BARON, Trustee, Plaintiff,**

v.

Thomas E. **WALDO, Patty Sorenson, FDIC** and **Cargill, Inc., Defendants.**

Bankruptcy No. 85–02592S.
Adv. No. 86–0383S.

United States Bankruptcy Court,
N.D. Iowa, W.D.

Dec. 10, 1986.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge, Sitting by Designation.

The trustee commenced this adversary action on September 11, 1986, seeking turn-over of proceeds of the debtors' 1985 crop. Basing his complaint upon sections 544 and 545 of the Bankruptcy Code, the trustee claims an interest paramount to all others including that of the debtors' landlord upon whose land the crop was grown. Cargill did not file an answer. FDIC and the debtor, Thomas E. Waldo, do not contest the trustee's position. The defendant, Patty Sorenson, alleges that as landlord and by virtue of a written lease, she has a lien in the crop proceeds for unpaid rents. The case was tried before the undersigned sitting by designation on December 3, 1986. The facts as material may be stated as follows:

### Findings of Fact

By written Lease dated November 11, 1983, the debtors leased eighty acres of farmland in Cherokee County, Iowa from Sorenson. The lease, for a term of one year commencing March 1, 1984, and ending March 1, 1985, was continued over to the 1985 crop year. Rent was fixed at $125.00 per acre with $10,000.00 coming due on the first of November of each year. The rent for the 1985 year remains unpaid. The lease agreement prohibits removal or sale of any crop grown until the rent is paid and upon violation accords the land-

lord the right to enter and take possession of any grain. The agreement was never filed or recorded.

In 1985, Waldos harvested corn from the eighty acres and delivered it to the Cargill Elevator in Alta, Iowa, receiving payments totalling $12,312.39 represented by two checks, both of which are jointly payable to Tom Waldo, Patty Sorenson and FDIC. The first check, in the sum of $10,000.00, was issued on May 22, 1986. The second, in the sum of $2,312.39, was issued on November 1, 1986. Both are in possession of the trustee who, claiming priority, seeks an order directing that Sorenson endorse the checks and relinquish whatever right she might have in them to the trustee.

Waldos filed their Chapter 7 petition on December 16, 1985.

### Conclusions of Law

The trustee seeks Sorenson's endorsement, asserting that the only interest she has is a landlord's lien for rents and, as such, her interest is a statutory lien subject to avoidance under section 545(3) of the Bankruptcy Code. Sorenson, on the other hand, argues her lien is contractual in nature rather statutory and section 545 is thereby inapplicable. Whether Sorenson's lien is regarded as statutory or contractual in nature, the issue involves the priority between the trustee armed with the avoidance powers of sections 544 and 545 and Sorenson as landlord. The distinction between statutory and contractual liens becomes important because if a contractual lien, Sorenson's interest may still be avoided if by failing to record, the lien became inferior to the trustee's interest as a hypothetical lien creditor.

■ Iowa law has long recognized the existence of landlord liens arising either out of contract or by virtue of statute. *Beh v. Tilk,* 222 Iowa 729, 269 N.W. 751 (1936). A statutory lien springs from chapter 570 of the Iowa Code and needs no writing or recordation for its validity. As a statutory lien, however, it is subject to being avoided by operation of section 545(3) of the Bankruptcy Code which provides

that a trustee may avoid the fixing of a statutory lien on property of the debtor to the extent the lien is for rent. The effect of this section is to wholly invalidate a statutory lien created by the Iowa Code. Thus, if Sorenson's lien is regarded as a statutory lien, then it is voidable by the trustee.

■ Contractual liens have been historically recognized by Iowa courts as being in the nature of chattel mortgages. Virtually all pre-Uniform Commercial Code case law recognized a written landlord's lien to constitute in substance a chattel mortgage. *State v. Eagle Petroleum Company,* 261 Iowa 58, 153 N.W.2d 115 (1967); *Evans v. Stewart,* 245 Iowa 1268, 66 N.W.2d 442 (1954); *Commercial Credit Corp. v. Interstate Finance Group,* 236 Iowa 459, 18 N.W.2d 178 (1945); *Beh v. Tilk, supra; Brownlee v. Masterson,* 215 Iowa 993, 247 N.W. 481 (1933); *Brenton v. Bream,* 202 Iowa 575, 210 N.W. 756 (1926). The accepted law with regards to chattel mortgages created in the State of Iowa was that to be effective as against existing creditors or subsequent purchasers they had to be recorded. Courts in requiring recordation for validity usually cited section 556.3 of the Iowa Code, a provision which was repealed on July 5, 1966, one day after the Uniform Commercial Code became effective in the state. Section 556.3 provided that no mortgage of personal property was valid against existing creditors or subsequent purchasers without notice unless the document was recorded. Chapter 556 of the Iowa Code pertaining to chattel mortgages and other code sections dealing with conditional sales, assignment of accounts and foreclosure of pledges was replaced by Article 9 of the Uniform Commercial Code. While chapter 556 required recordation of contractual liens, no similar provision is retained in the present statutory law and in fact, Iowa Code section 554.9104(b) (U.C.C. 9–104(b)) suggests at first blush that the filing and recording requirements of Article 9 are inapplicable to the situation. Section 554.9104(b) provides that the article does not apply to a

landlord's lien. The issue to be addressed is whether pre-U.C.C. case law mandating a filing requirement for liens arising out of contract has any further relevancy in view of Article 9. The Iowa Supreme Court has not yet addressed this issue. However, courts of other jurisdictions have had occasion to consider the question including our neighboring state of Nebraska. These courts hold that the U.C.C. section 9–104(b) exclusion applies only to landlord's liens arising by statute and has no applicability to those landlord liens arising by contract. *Todsen v. Runge*, 211 Neb. 226, 318 N.W.2d 88 (1982); *See also In re Leckie Freeburn Co.*, 405 F.2d 1043 (6th Cir.1969); *In re King Furniture City, Inc.*, 240 F.Supp. 453 (E.D.Ark.1965); *Bank of North America v. Krueger*, 551 S.W.2d 63 (Tex.Civ.App.1977); *In re Florio*, 24 U.C.C. Rep.Serv. 415 (Bankr.R.I.1978). In *Krueger*, the court recalled that prior to enactment of the Uniform Commercial Code, liens were regarded as chattel mortgages depending upon filing for perfection against third parties. In Iowa the same pre-U.C.C. filing requirement existed with respect to chattel mortgages which, we recall, were regarded by the Iowa courts as synonymous with contractual liens. This court believes that the Iowa Supreme Court would follow *Todsen* and the numerous other cases which take the position that liens arising from contract must comply with the filing requirements of Article 9 for perfection.[1]

 With filing being a continuing requirement for contractual liens, the landlord's lien claimant's priority as against third parties is determined by reference to Article 9. Section 554.9301(1)(b) of the Iowa Code (U.C.C. 9–301(1)(b)) provides that unperfected security interests are subordinate to a person who becomes a lien creditor before the security interest is perfected. "Lien creditor" includes a trustee in bankruptcy from the date of petition filing. Iowa Code section 554.9301(3). The trustee in bankruptcy, armed with the status of a hypothetical lien creditor under section 544 of the Bankruptcy Code may avoid any transfer or obligation that would be avoidable by a creditor who as of the date of filing extends credit and obtains a judicial lien. In the present situation, a creditor on December 16, 1985, would find Sorenson's contractual landlord's lien unperfected and her interest thereby inferior to that of any lien creditor. Thus, the trustee's interest in and to the two Cargill checks representing 1985 crop proceeds is paramount to the interest of Sorenson, an interest which the trustee may avoid under section 544 of the Bankruptcy Code.

From the foregoing analysis, this court is of the opinion that the trustee, armed with the avoidance powers of sections 544 and 545 of the Bankruptcy Code, may avoid Sorenson's landlord's lien interest whether that interest is statutory or contractual in nature.

Accordingly, IT IS ORDERED that judgment be entered in favor of the trustee, A. Frank Baron, and against the defendants as follows:

That the interest of the trustee in the two Cargill checks totalling $12,312.39 is superior to the claims of all defendants including that of Patty Sorenson and all defendants including Patty Sorenson shall endorse checks numbered 308173 and 309502 over to A. Frank Baron as trustee of the debtors' estate or, in the alternative, the trustee may have the checks re-issued by Cargill, Inc., in his name only.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

1. For an excellent commentary on Iowa law in this area, *see:* Wilcox and Harty, *The Relative Priority of a Landlord's Lien and Article 9 Security Interest,* 35 Drake L.Rev. 27 (1985–86).